KERN v CITY OF FLINT

Docket No. 59919. Submitted February 9, 1983, at Lansing.—Decided April 18, 1983.

Charles H. Kern, a police officer with 23 years of service with the police department of the City of Flint, discussed with an official in the City of Flint Department of Finance the possibility of early retirement. After discussing various options, Kern indicated that he would need at least $700 per month in pension benefits in order to take an early retirement. The finance department official assured him that by the time of retirement Kern's retirement benefits would exceed the $688.98 figure which the official had originally indicated would be the pension for 23 years of service. Kern elected to retire and began receiving monthly retirement benefits from the city in the amount of $734.17. Twenty-one months later, the city informed Kern that his benefits had been miscalculated and that he was entitled to receive only $647.06. The city withheld a portion of Kern's monthly benefits until it had recouped the amount of the claimed overpayment and thereafter issued monthly payments in the amount of $647.06. Kern and his wife, Sybil R. Kern, brought an action in Genesee Circuit Court against the City of Flint, seeking the amount withheld and an order to compel future monthly payments in the amount originally represented. Plaintiffs also sought to recover consequential damages. Earl E. Borradaile, J., denied the claim for consequential damages but, as an exercise of his equitable jurisdiction, ordered payment of monthly pension benefits of $700 and recovery of an amount equivalent to the amount that would have been received had pension benefits of $700 per month been paid from the date of Kern's retirement. Defendant appeals. *Held:*

1. The Court of Appeals, in reviewing equitable issues, reviews the trial court record *de novo,* giving due deference to the

REFERENCES FOR POINTS IN HEADNOTES
[1] 5 Am Jur 2d, Appeal and Error § 822.
[2] 66 Am Jur 2d, Restitution and Implied Contracts §§ 119, 120.
[3] 60 Am Jur 2d, Pensions and Retirement Funds § 64.

findings of the trial court. The Court of Appeals will sustain the trial court's findings unless it is convinced that it would have reached a contrary result.

2. While generally one who pays money to another by mistake is entitled to recover the amount of overpayment, if the person receiving the overpayment has changed his position in reliance on the receipt of that money, equitable estoppel may prohibit the recovery of such funds.

3. Since the city's financial official was in the best position to determine the pension benefits which would be payable upon retirement and Kern was justified in relying on the information supplied by that official, the trial court properly evoked the doctrine of equitable estoppel relative to the claim of the city that the proper pension benefit was less than the $700 per month which Kern felt was needed if he were to exercise his option to take an early retirement.

Affirmed.

1. APPEAL — EQUITY — *De Novo* REVIEW.

The Court of Appeals in its consideration of cases involving equitable issues reviews the trial court record *de novo,* with due deference being given to the findings of the trial court; the Court of Appeals will sustain the trial court's findings unless it is convinced that it would have reached a contrary result.

2. PAYMENT — MISTAKE OF FACT — EQUITY — DETRIMENTAL RELIANCE.

A person who pays money to another by mistake generally is entitled to recover the amount of overpayment even if the mistake is due to lack of investigation; however, such recovery may be denied where, because the person receiving the overpayment has changed his position in reliance on the receipt of the money, it would be inequitable to permit recovery.

3. ESTOPPEL — EQUITY — DETRIMENTAL RELIANCE — PENSIONS.

Equitable estoppel will prohibit a city from reducing the pension benefits paid to a retired police officer below the amount that the police officer indicated he would need if he were to take an early retirement where a financial officer of the city, by reason of applying the wrong computational formula, assured the police officer that the pension benefits payable upon retirement would be in excess of the police officer's expressed need, since the police officer would be justified to rely upon the determination by the city's financial officer as to the pension which would be payable upon retirement.

*Morrissey, Bove & Ebbott* (by *William H. Morrissey*), for plaintiffs.

*James Whalen,* City Attorney (by *Patrick H. Hynes,* of counsel), for defendant.

Before: Danhof, C.J., and V. J. Brennan and N. A. Baguley,* JJ.

Per Curiam. Defendant appeals from a judgment entered in favor of plaintiffs after a bench trial in an equity action.

Plaintiff Charles Kern was employed in May, 1974, by the City of Flint as a police officer with approximately 23 years of service. In late May, Mr. Kern met with James Swidorski of the city's Department of Finance to discuss early retirement options. Mr. Swidorski presented plaintiff with various options, one of which indicated that Mr. Kern could receive $688.98 per month if he retired with 23 years of service. Mr. Kern discussed the matter with his wife and with his insurance agent and it was determined that he would require at least $700 per month in pension benefits in order to retire. Mr. Swidorski informed Mr. Kern that, since he would have over 23 years of service accumulated on the date he proposed to retire, the benefits received under the option described above would exceed the $688.98 figure. Mr. Kern elected to retire under the foregoing option effective July 27, 1974.

Mr. Kern began receiving monthly retirement benefits from the city in the amount of $734.17 immediately after he retired and continued to receive such benefits until April, 1976, when the city informed him that his benefits had been mis-

---

* Circuit judge, sitting on the Court of Appeals by assignment.

calculated and that he was entitled to receive only $647.06 per month. The city withheld a portion of Mr. Kern's pension benefits in succeeding months until it had recouped the $1,753.82 it claimed to have overpaid Mr. Kern. Thereafter, it issued monthly payments of $647.06.

Plaintiffs commenced this action to recover the amount withheld and to compel defendant to pay the amount originally represented. They also sought to recover consequential damages.

The trial court denied plaintiffs' claim for consequential damages. However, it found that, although the amount of monthly benefits Mr. Kern was entitled to receive, using the correct formula, was only $647.06, defendant's finance officer had represented to Mr. Kern that he would receive a larger amount and that Mr. Kern would not have retired at that time had he known that he would receive less than $700 per month. Therefore, the court ordered defendant to begin paying plaintiffs $700 per month in benefits and permitted plaintiffs to recover an amount from the city equivalent to the amount they would have received had defendant been paying $700 per month in benefits from the time Mr. Kern retired.

In equity cases, this Court reviews the record *de novo,* with due deference given to the findings of the trial court. This Court will sustain the trial court's findings unless convinced that it would have reached a contrary result. *Groveland Twp v Jennings,* 106 Mich App 504, 509-510; 308 NW2d 259 (1981).

It appears that the reason the finance officer miscalculated the benefits to which Mr. Kern was entitled was because he applied a formula which was based on the average salary of Mr. Kern using the best three years out of a five-year period of Mr.

Kern's employment. The correct formula involved calculations based on the best five years out of a ten-year period. Mr. Swidorski used the best three out of five formula because an offer had been presented to the union which represented Mr. Kern to switch to that formula. Mr. Swidorski anticipated that the union would accept the offer. However, after Mr. Kern retired, the union rejected the offer.[1]

We agree with defendant's contention that generally the rule in this jurisdiction is that where one pays money to another by mistake, that person is entitled to recover the amount of the overpayment even if the mistake is due to lack of investigation. *Montgomery Ward & Co v Williams,* 330 Mich 275, 284; 47 NW2d 607 (1951); *Couper v Metropolitan Life Ins Co,* 250 Mich 540, 544; 230 NW 929 (1930). However, an exception to the rule exists where the party receiving the money has changed his position in reliance upon his receipt of it so that it would be inequitable to permit recovery. *Lake Gogebic Lumber Co v Burns,* 331 Mich 315, 319; 49 NW2d 310 (1951). This exception comports with the general principles of estoppel which apply to the actions of municipal officials:

"Generally, estoppel may arise pursuant to the positive acts of municipal officials which induced plaintiff to act in a certain manner, and where plaintiff relied upon the official's actions by incurring a change of position or making expenditures in reliance upon the officials' actions. 9 McQuillin, Municipal Corporations (3d ed), § 27.56, pp 755-757. The circumstances of each case will determine whether estoppel is to be applied against a local government, and:

" 'If under all the circumstances, the acts of the

---

[1] It should be noted that the three out of five formula was accepted in a contract entered into one year after Mr. Kern retired and applied to police officers retiring thereafter.

public body have created a situation where it would be inequitable and unjust to permit it to deny what it has done or permitted to be done, the doctrine of estoppel will be applied to the municipality.' 2 Antieau, Municipal Corporation Law, § 16A.01, p 16A-6." *Parker v West Bloomfield Twp,* 60 Mich App 583, 591-592; 231 NW2d 424 (1975).

In the present case, we are of the opinion that the trial court properly applied the doctrine of estoppel. We find without merit defendant's claim that Mr. Kern should have known of the proper formula to apply in calculating his benefits. Defendant's finance officer was in a superior position to ascertain the applicable data and Mr. Kern was justified in relying on the information provided.

Affirmed. No costs, a public question being involved.