U S FIRE INSURANCE COMPANY v CITIZENS INSURANCE
COMPANY OF AMERICA

Docket No. 87587. Submitted June 11, 1986, at Detroit. Decided
October 9, 1986.

A personal injury action was brought against Anderson Vehicle
Sales. The plaintiff in that action was represented by attorneys
Pianin and Graber. Citizens Insurance Company of America
was Anderson's primary insurer up to $500,000 and U. S. Fire
Insurance Company was Anderson's excess carrier from
$500,000 to $3,000,000. That action resulted in a judgment
which with interest, was over seven million dollars. Pianin and
Graber hired another attorney, Miller, to negotiate a settlement
of the verdict. Miller had also been involved in the pretrial
mediation. Miller successfully settled the case for $5,050,000.
Following the satisfaction of the judgment, U. S. Fire retained
Miller and instituted an action in the Wayne Circuit Court
against Citizens. U. S. Fire claimed that Citizens had breached
its duty to U. S. Fire by failing to properly evaluate the claim
and by failing to enter into timely and reasonable settlement
negotiations thereby exposing U. S. Fire to judgment. Citizens
responded by answer and counterclaim alleging that U. S. Fire
was guilty of bad faith in the negotiations. Citizens filed a
motion to compel Pianin and Graber to answer certain deposi-
tion questions. During a hearing on the motion, defendant's
attorney asserted that the pecuniary interest of the witnesses
was relevant to their credibility and, thus, discoverable. Miller,
U. S. Fire's attorney, conceded that it was his personal practice
to pay referral fees to lawyers who introduce clients to him and
that Pianin and Graber were entitled to a referral fee for their
role in the case. However, he denied that they had an actual
interest in the judgment if one was rendered in favor of U. S.
Fire and asserted that the extent of their interest was privi-

REFERENCES

Am Jur 2d, Depositions and Discovery § 30.

Am Jur 2d, Witnesses §§ 172 et seq.; 663-666.

Attorney as witness for client in civil proceedings—modern state
cases. 35 ALR4th 810.

See also the annotations in the Index to Annotations under Attor-
ney-Client Privilege; Bias or Prejudice; Discovery.

leged. The court, Thomas Roumell, J., held that the fee arrangement was protected by the attorney-client privilege and denied discovery. Defendant appealed by leave granted.

The Court of Appeals *held:*

The nature and extent of a referral fee arrangement with an attorney is relevant and not privileged and is thus discoverable in the referred action where the attorney is a witness in the case.

Reversed.

WITNESSES — BIAS — PECUNIARY INTEREST — ATTORNEY FEE ARRANGEMENTS — REFERRAL FEES.

The nature and extent of a referral fee arrangement with an attorney is relevant and not privileged and is thus discoverable in the referred action where the attorney is a witness in the case (MCR 2.302[B][1]).

*Faintuck, Shwedel & Wolfram* (by *William G. Wolfram*), and *Conklin, Loesch & Caravas* (by *Thomas Conklin*), for defendant.

Before: DANHOF, C.J., and CYNAR and J. M. BATZER,* JJ.

PER CURIAM. Defendant counter-plaintiff Citizens Insurance Company of America appeals by leave granted from an order of the Wayne Circuit Court denying its motion to compel answers to deposition questions. We reverse.

This appeal arises out of a dispute between Citizens and U. S. Fire Insurance Company over which company is liable for the satisfaction of a large judgment in an underlying personal injury action against Anderson Vehicle Sales. Citizens, the primary insurance carrier, insured Anderson's for the first $500,000 of loss. U. S. Fire, the excess carrier, covered Anderson's for any amount over $500,000 up to $3,000,000. The personal injury action resulted in a judgment against Anderson's in the amount of $5,300,000. Interest increased the

_____

* Circuit judge, sitting on the Court of Appeals by assignment.

award to over $7,000,000. The plaintiff in that action was represented by attorneys Pianin and Graber.

According to Citizens, Pianin and Graber hired another attorney, Miller, to negotiate a settlement of the verdict. Miller had also been involved in the pretrial mediation. Miller successfully settled the case for $5,050,000.

Following the satisfaction of the judgment, U. S. Fire retained Miller and instituted the instant action against Citizens. U. S. Fire claimed that Citizens had breached its duty to U. S. Fire by failing to properly evaluate the claim and by failing to enter into timely and reasonable settlement negotiations thereby exposing U. S. Fire to judgment. The complaint requests $3,000,000 in damages.

Citizens responded by answer and counterclaim alleging that U. S. Fire was guilty of bad faith in the negotiations. Citizens claimed that it offered to settle the action for the limits of its policy plus an additional payment from U. S. Fire but that U. S. Fire had refused to contribute any sums toward settlement. In short, each carrier blames the other for failing to settle the action before trial and this issue forms the crux of the instant litigation.

The order Citizens now appeals from arose during discovery proceedings. During a deposition, Jerry Maloney, Citizens' claims representative, testified that he had offered the $500,000 policy limits to Pianin and Graber. In their subsequent depositions, Pianin and Graber denied that such an offer had been made. Citizens' attorney then questioned Pianin and Graber on whether their firm had a pecuniary interest in the litigation. Each admitted that they did but that Miller, U. S. Fire's attorney, had instructed the witnesses not to reveal the extent or nature of their interest.

Citizens filed a motion to compel Pianin and Graber to answer the deposition questions. During a hearing on the motion, defendant's attorney asserted that the pecuniary interest of the witnesses was relevant to their credibility and, thus, discoverable. Miller, U. S. Fire's attorney, conceded that it was his personal practice to "pay referral fees to lawyers who introduce us to clients" and that Pianin and Graber were entitled to a referral fee for their role in the present case. However, he denied that they had an actual interest in the judgment if one was rendered in favor of U. S. Fire, and asserted that the extent of their interest was privileged.

Rather than ruling on the motion at that time, the court permitted Citizens to submit five to ten proposed questions for the court's consideration. Citizens complied with the court's request and submitted a list of questions. On August 29, 1985, the circuit court issued a written opinion denying defendant's motion on the basis that the fee arrangement was protected by the attorney-client privilege and further that the information sought served "no legitimate purpose in the resolution of the basic and critical issues of the lawsuit." An order to that effect was entered on September 17, 1985. This Court granted defendant's application for leave to appeal from that order.

Under the court rules, "[p]arties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action." MCR 2.302(B)(1). A trial court's order to grant or deny discovery is reversed only if there was an abuse of discretion. *Marchand v Henry Ford Hospital,* 398 Mich 163; 247 NW2d 280 (1976). In the present case, the trial court determined that the information sought was both

irrelevant and protected by the attorney-client privilege. We disagree on both grounds.

It is generally permissible to cross-examine an adverse witness as to any facts which tend to show the witness' relation with, feelings toward or bias or prejudice for either party. *Hayes v Coleman,* 338 Mich 371; 61 NW2d 634 (1953); *Potts v Sheppard Marine Construction Co,* 151 Mich App 19; 391 NW2d 357 (1986). The issue of a witness' pecuniary interest in the outcome of a case goes directly to his bias and as such is relevant to the question of credibility. *Backowski v Solecki,* 112 Mich App 401, 414; 316 NW2d 434 (1982). Here, the nature and extent of the fee arrangement went to the witnesses' pecuniary interest in the outcome of the litigation. Accordingly, it went to their credibility and could not be considered irrelevant. The trial court's finding to the contrary was an abuse of discretion.

We likewise reject the court's finding that the information was privileged. The scope of the attorney-client privilege is narrow. It attaches only to confidential communications by the client to his adviser which are made for the purpose of obtaining legal advice.[1] *Kubiak v Hurr,* 143 Mich App 465, 472-473; 372 NW2d 341 (1985). The purpose of the privilege is to permit a client to confide in his counselor, knowing that such communications are safe from disclosure. *Id.* In the instant case, Pianin and Graber do not have an attorney-client relationship with Miller or with U. S. Fire. Neither can we find that Miller's relationship with Pianin and Graber in the prior settlement negotiation

---

[1] We recognize that the attorney-client privilege may also encompass statements made by the attorney to the client within the context of the rule as we have stated it. *People v Hillhouse,* 80 Mich App 580, 584; 45 NW 484 (1890); *Passmore v Passmore's Estate,* 50 Mich 626, 627; 16 NW 170 (1883); *In re Arnson Estate,* 2 Mich App 478, 484; 140 NW2d 546 (1966).

carried over to the instant litigation. Moreover, the witnesses' communication with Miller, specifically as it related to the fee agreement, cannot be construed as in the nature of seeking legal advise. The communication sought is clearly beyond the scope of the attorney-client privilege and no purpose would be served by excluding it from discovery. We find that the trial court abused its discretion in denying defendant's motion to compel discovery.

Reversed.