YATES v KEANE

Docket No. 114401. Submitted March 22, 1990, at Detroit. Decided June 4, 1990.

Laurie and Richard Yates brought an action in Wayne Circuit Court alleging fraudulent or innocent misrepresentation by attorney Noel P. Keane and Noel P. Keane, P.C., in connection with Laurie Yates' contractual agreement with defendants to serve as a surrogate mother for defendants' clients. Plaintiffs sought discovery of the identities of defendants' clients and the women who had contracted with defendants to serve as surrogate mothers. The trial court, Sharon Tevis Finch, J., granted defendants' motion for a protective order, ruling that the information sought by plaintiffs was not subject to discovery. Plaintiffs appealed by leave granted.

The Court of Appeals *held*:

A matter need only be relevant and nonprivileged in order to be subject to discovery. Here, the information sought by plaintiffs was relevant and nonprivileged. Evidence of other surrogacy contracts involving defendants has relevance to the issue of fraudulent intent by defendants. The identities of defendants' clients or other surrogate mothers is not protected by the attorney-client privilege inasmuch as the surrogate mothers were not clients of defendants and the identities of defendants' clients were necessarily intended to be disclosed to third parties, i.e., the surrogate mothers.

Reversed and remanded.

1. PRETRIAL PROCEDURE — DISCOVERY.

A matter need only be relevant and nonprivileged in order to be subject to discovery.

2. PRETRIAL PROCEDURE — DISCOVERY — INADMISSIBLE EVIDENCE.

Inadmissible evidence is discoverable if good cause for discovery

REFERENCES

Am Jur 2d, Depositions and Discovery §§ 24, 29, 30.

Validity and construction of surrogate parenting agreement. 77 ALR4th 70.

Applicability of attorney-client privilege to communications made in presence of or solely to or by third person. 14 ALR4th 594.

is shown; good cause is shown where the moving party establishes that the information sought is, or might lead to, admissible evidence, is material to the moving party's trial preparation, or is for some other reason necessary to promote the ends of justice.

3. EVIDENCE — PRIVILEGES — ATTORNEY-CLIENT PRIVILEGE.

The attorney-client privilege attaches to the confidential communications made by a client to his attorney acting as a legal adviser and made for the purpose of obtaining legal advice on some right or obligation; the purpose of the privilege is to allow a client to confide in his attorney secure in the knowledge that the communication will not be disclosed.

4. EVIDENCE — PRIVILEGES — ATTORNEY-CLIENT PRIVILEGE — COMMUNICATION TO THIRD PARTY.

The attorney-client privilege cannot be invoked to exclude evidence of communications between an attorney and his client which were intended to go to a third party.

*Kohl, Secrest, Wardle, Lynch, Clark & Hampton* (by *Lisa J. Vogler*), for plaintiffs.

*Miller, Canfield, Paddock & Stone* (by *Kay Holsinger*), for defendants.

Before: HOLBROOK, JR., P.J., and MURPHY and JANSEN, JJ.

JANSEN, J. Plaintiff Laurie Yates contracted with defendants to act as a surrogate mother for defendants' clients. Plaintiffs brought suit against defendants for fraudulent or innocent misrepresentations in the surrogate parenting agreement. Plaintiffs appeal by leave the order granting defendants' motion to quash a subpoena, to prevent deposition and for a protective order pursuant to MCR 2.305, 2.306(D) and 2.302(C). Plaintiffs argue that the circuit court erred in ordering that they could not seek discovery of a list of all defendants' clients who had entered into surrogacy agreements and a list of all surrogates who had served as such.

Plaintiffs argue that this information was relevant and was not protected by a privilege and, therefore, is discoverable. We agree and reverse.

In order to proceed with discovery, a plaintiff need only show that the matter upon which discovery is sought is relevant and not privileged. *Davis v O'Brien,* 152 Mich App 495, 503; 393 NW2d 914 (1986), lv den 426 Mich 869 (1986). Even inadmissible evidence is discoverable if good cause for discovery is shown. Good cause is shown where the moving party establishes that the information sought is, or might lead to, admissible evidence, is material to the moving party's trial preparation, or is for some other reason necessary to promote the ends of justice. *Haglund v Van Dorn Co,* 169 Mich App 524, 528; 426 NW2d 690 (1988). In ruling on defendants' motion, the trial court stated that the discovery request was too vague, there was no good cause and it interferes with the rights and privacy of other people without good reason. We find that the trial court erred in applying the wrong standard of review.

First, we must determine whether the evidence sought through discovery is relevant. Evidence is relevant when it has any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence. MRE 401. Plaintiffs brought suit alleging that defendants fraudulently misrepresented material facts in their surrogacy contract. One element for an action in fraud is that the defendant made a material representation that he knew was false, or made it recklessly, without any knowledge of its truth and as a positive assertion. *Dumas v Auto Club Ins Ass'n,* 168 Mich App 619, 636; 425 NW2d 480 (1988). Transactions with third persons not immediately connected with the alleged fraud can

be probative of defendants' knowledge and therefore relevant under MRE 401. *Temborius v Slatkin,* 157 Mich App 587; 403 NW2d 821 (1986). Evidence of other surrogacy contracts to which defendants were a party is relevant to show the intent element of fraud. We find that discovery of the identities of prior clients and surrogate mothers is reasonably calculated and is likely to lead to the discovery and production of relevant evidence.

We now must determine whether a privilege applies to prevent the discovery of the information. The scope of the attorney-client privilege is narrow. It attaches only to confidential communications by the client to his adviser which are made for the purpose of obtaining legal advice. *US Fire Ins Co v Citizens Ins Co of America,* 156 Mich App 588, 592; 402 NW2d 11 (1986); *Kubiak v Hurr,* 143 Mich App 465, 472-473; 372 NW2d 341 (1985). The purpose of the privilege is to permit a client to confide in his counselor, knowing that such communications are safe from disclosure. *US Fire, supra.*

We find that the identity of defendants' clients or other surrogate mothers is not protected as a privileged communication. In regard to the identity of other surrogate mothers, this information is not protected as a privileged communication because the prior surrogates were not defendants' clients and, therefore, do not fall within the purview of the attorney-client privilege. Further, the client's identity is not a confidential communication because it was necessarily intended to be disclosed to a third party—the potential surrogate mother. A communication is not confidential if it is made for the purpose of disclosure to third parties. *Owen v Birmingham Federal Savings & Loan Ass'n,* 27 Mich App 148, 163; 183 NW2d 403 (1970). Therefore, we find that the identities of

other surrogate mothers and defendants' clients are not privileged communications within the attorney-client privilege.

Although we find plaintiffs have a right to discovery in the present case, the trial court may set limited restrictions under MCR 2.302(C); *Eyde v Eyde,* 172 Mich App 49, 56; 431 NW2d 459 (1988), lv den 432 Mich 852 (1989). On remand, the trial court may protect the privacy rights involved by issuing a protective order which would allow disclosure of the information for the sole purposes of litigation and not for public disclosure. A protective order will preserve defendants' clients' expectation of privacy and furnish plaintiffs with the required information.

Reversed and remanded for further proceedings consistent with this opinion. We do not retain jurisdiction.