*In re* FORD ESTATE

McCARTHY v FORD

Docket No. 156052. Submitted April 12, 1994, at Detroit. Decided September 19, 1994, at 9:05 A.M.

James E. McCarthy, as personal representative of the estate of Edith M. Ford, deceased, petitioned the Wayne County Probate Court for a determination of the ownership of certain real estate, bank accounts, and other property, previously owned solely by the decedent, contending that, before her death, the decedent had been fraudulently induced or unduly influenced into allowing Roy L. and Marjorie J. Ford to become joint owners with the decedent of the contested assets during the decedent's lifetime and, pursuant to the decedent's will, sole owners upon her death. The court, Martin T. Maher, J., consistent with a jury's verdict, entered an order directing the Fords to tender the contested assets to the estate. The Fords appealed.

The Court of Appeals *held:*

1. The trial court erred in excluding the testimony of an attorney and his secretary concerning their witnessing of the decedent's execution of her will. The attorney-client privilege, as raised by the personal representative, does not preclude the testimony because the attorney had not drafted the will and was not acting as the decedent's attorney when he witnessed the decedent's will. Even if the attorney had represented the decedent for purposes of the will and its execution, the attorney-client privilege still would not apply because disclosures made by a testator to a person functioning as a witness are necessarily intended to be disclosed if the witness is called upon to prove the will.

2. The trial court did not err in admitting evidence of the decedent's medical records and of a videotaped deposition.

Reversed and remanded.

REFERENCES

Am Jur 2d, Witnesses §§ 355, 388.

See ALR Index under Attorney-Client Privilege.

ATTORNEY AND CLIENT — ATTORNEY-CLIENT PRIVILEGE — EXECUTION
    OF WILLS — ATTORNEYS AS WITNESSES.

    The attorney-client privilege does not apply to communications
    by a testator to an attorney at the execution of the testator's
    will where the attorney serves as a witness to the execution of
    the will.

*James E. McCarthy,* in propria persona.

*John Richard Slate,* for Roy L. Ford and Marjorie J. Ford.

Before: SHEPHERD, P.J., and TAYLOR and R. D. GOTHAM,* JJ.

TAYLOR, J. Appellee James McCarthy, the personal representative of the estate of Edith Mildred Ford, deceased, petitioned for a determination of title to real property, bank accounts, and other assets allegedly held in a constructive trust. Appellants Roy and Marjorie Ford, decedent's son and daughter-in-law responded to the petition.

The parties stipulated below that decedent's final will, dated December 4, 1987, was valid and properly executed. Thus, this case does not involve a will contest. Rather, this case involves possible fraudulent inducement or undue influence on the decedent when making a number of earlier transfers to appellants. Decedent's final will indicated that certain assets and accounts naming family members as co-owners were to become the sole property of those persons upon her death. In other words, those prior transfers were not to be considered part of decedent's estate. The residual estate was to be shared by decedent's children equally. Appellee challenged the earlier transfers, rather than the will itself.

On March 20, 1982, a jury returned a verdict in

---

* Circuit judge, sitting on the Court of Appeals by assignment.

appellee's favor. The trial court subsequently entered an order dated August 20, 1992, requiring appellants to transfer the assets to the estate. Appellants appeal as of right from that order. We reverse and remand.

Appellants raise a number of issues on appeal. However, only one issue merits extended discussion. Appellants argue that the trial court erred in excluding the testimony of Gary Holland and Joyce Wooten regarding their observations of and discussions with decedent when they witnessed the execution of her final will. Holland is an attorney, and Wooten is Holland's secretary. While neither party contests decedent's final will per se, appellants argue that Holland and Wooten were able to contribute testimony relevant to the prior transfers by decedent.

At the trial below, appellee invoked the attorney-client privilege on behalf of the estate in order to prevent Holland and Wooten from giving testimony to the jury concerning the prior transfers. The trial court honored the privilege, but created a special record outside the presence of the jury concerning Holland's professional relationship with decedent. Holland testified that decedent consulted him in order to witness the execution of a will drafted by another attorney. Holland acknowledged that he had discussed the provisions in the will with decedent, but denied the existence of an attorney-client relationship at that time.[1]

The trial court ruled that Holland's discussion of the provisions in the will with decedent constituted legal advice sufficient to invoke the attorney-client privilege. The trial court then precluded Holland from giving any further testimony on the

---

[1] Holland later represented decedent in another matter, and acknowledged that an attorney-client relationship was established at that time.

special record concerning his discussions with decedent about the provisions in the will. None of Holland's testimony from the special record reached the jury. The trial court also precluded the jury from hearing testimony by Wooten on the basis of the attorney-client privilege as Holland's agent.

On appeal, appellants acknowledge that Holland was acting as decedent's attorney at the time of the signing of the will. Although appellants agree that decedent's communications with Holland were privileged during her lifetime, appellants argue that the privilege ceased to exist upon decedent's death. We agree, but for reasons different from those tendered by appellants.

Initially, the parties' stipulation that Holland was functioning as decedent's attorney at the time of witnessing the will is not binding on this Court because it relates to a question of law. *In re Finlay Estate,* 430 Mich 590, 595; 424 NW2d 272 (1988); *Eaton Co Rd Comm v Schultz,* 205 Mich App 371, 375; 521 NW2d 847 (1994). This means that the parties to a civil matter cannot by their mere agreement supersede procedures and conditions set forth in statutes or court rules. *In re Estate of Meredith,* 275 Mich 278, 292; 266 NW 351 (1936).

Because the will was drafted by Joseph C. Fisher, he is the only attorney covered by the attorney-client privilege in that regard. Holland, who may have represented the testatrix in other matters, did not thereby become her attorney for all purposes. In any event, even if he had been testatrix's attorney with respect to some aspects of the will, because witnesses to a will may properly be called upon to prove the will, MCL 700.146; MSA 27.5146, disclosures made by the testatrix to a person functioning as a witness are necessarily

intended to be disclosed to third parties and, therefore, are not confidential communications protected by the attorney-client privilege. *Yates v Keane,* 184 Mich App 80, 83; 457 NW2d 693 (1990). Mr. Holland was therefore not precluded by the attorney-client privilege from offering evidence concerning Mrs. Ford's intention and understanding, her soundness of mind, and whether she was operating under the undue influence of any person.

In light of the foregoing, we are convinced that the trial court erred in precluding the jury from hearing the testimony of Holland and Wooten.

With respect to the remaining issues raised by the appellants, we believe there was no error in denying the admission of medical records because the parties stipulated decedent's medical condition at the time of the videotaped deposition. Further, the admission of the videotaped deposition, to the degree it was used to show that decedent was unduly influenced when she made transfers to her son, Roy Ford, is admissible, and the court did not abuse its discretion in admitting the tape. *Price v Long Realty, Inc,* 199 Mich App 461, 466; 502 NW2d 337 (1993).

Reversed and remanded for proceedings consistent with this opinion.