FRUEHAUF TRAILER CORPORATION v HAGELTHORN

Docket No. 162101. Submitted November 9, 1994, at Detroit. Decided January 18, 1995, at 9:05 A.M.

Fruehauf Trailer Corporation and K-H Corporation brought an action in the Wayne Circuit Court against George A. Hagelthorn and Rather Engineering, P.C., seeking to enjoin Hagelthorn, on the basis of the attorney-client privilege, from discussing with anyone any information relating to the plaintiffs and from acting as a consultant or testifying as an expert in any products liability action brought against the plaintiffs. Hagelthorn, a mechanical engineer, previously had worked for the plaintiffs and their predecessor, Fruehauf Corporation, as an employee or consultant who assisted them in defending against products liability actions. The plaintiffs sought the injunction after Hagelthorn was retained as a consultant and expert for a plaintiff in a products liability action against Fruehauf. The court, Marianne O. Battani, J., granted a temporary restraining order, but refused to grant a preliminary or a permanent injunction and dismissed the action. The plaintiffs appealed.

The Court of Appeals *held*:

1. While working for Fruehauf, Hagelthorn functioned as a technical expert, not as an attorney or attorney's agent who would be subject to the attorney-client privilege as attorney.

2. Corporate employees are bound by the attorney-client privilege not to reveal confidential communications with counsel given within the scope of the employees' duties to enable the corporation to obtain legal advice. A fact and a communication of that fact are entirely different things. Thus, although a client may not be compelled to reveal what the client said or wrote to an attorney, the client may not refuse to disclose any relevant fact within the client's knowledge merely because the client incorporated a statement of that fact into communications with the attorney. In this case, the plaintiffs sought to prevent Hagelthorn from disclosing technical facts within his knowledge, not merely communications with attorneys. The attorney-client privilege therefore may not be asserted with a claim that Hagelthorn had been a client.

3. Any information Hagelthorn conveyed to the plaintiffs'

attorneys was not confidential and therefore was not subject to the attorney-client privilege.

Affirmed.

*Cardelli, Schaefer, Mason & Orlans* (by *Deborah A. Hebert*), for the plaintiff.

*Sachs, Waldman, O'Hare, Helveston, Hodges & Barnes, P.C.* (by *Andrew Nickelhoff*), for the defendants.

Before: WAHLS, P.J., and CAVANAGH and N. J. LAMBROS,* JJ.

PER CURIAM. Plaintiffs appeal as of right from the circuit court's orders denying their motion for a preliminary injunction and dismissing their petition for a permanent injunction. We affirm.

Defendant George Allan Hagelthorn, a certified mechanical engineer, was formerly employed as manager of reliability by Fruehauf Corporation, the predecessor of plaintiffs Fruehauf Trailer Corporation and K-H Corporation (Fruehauf). In that capacity, among other things, defendant assisted Fruehauf's attorneys in defending against products liability actions throughout the United States.

After defendant retired from his position with Fruehauf in 1982, he provided technical advice and expert testimony to plaintiffs' attorneys in products liability litigation through his consulting business, defendant Rather Engineering, P.C. Defendant also was retained to provide consultation and expert witness services to a plaintiff in a case brought against Fruehauf in Indiana.

In September 1992, plaintiffs filed a complaint to enjoin defendant from discussing with anyone any information relating to plaintiffs and from consult-

---

* Circuit judge, sitting on the Court of Appeals by assignment.

ing or testifying as an expert in any products liability case brought against plaintiffs, asserting that defendant's consultation and expert services violated the attorney-client privilege. The court issued a temporary restraining order. Plaintiffs moved for a preliminary injunction. The court denied the motion and dissolved the temporary restraining order. Relying on the record created for the preliminary injunction, the court then entered an order of dismissal of the petition for a permanent injunction. This appeal followed.

The issue on appeal is whether the court erred in denying the motion for a preliminary injunction on the ground that defendant was not bound by the attorney-client privilege.

In determining whether to issue a preliminary injunction, the court must consider (1) the likelihood that the party seeking the injunction will prevail on the merits, (2) the danger that the party seeking the injunction will suffer irreparable injury if the injunction is not issued, (3) the risk that the party seeking the injunction would be harmed more by the absence of an injunction than the opposing party would be by the granting of the relief; and (4) the harm to the public interest if the injunction is issued. This Court will not disturb a trial court's grant or denial of a preliminary injunction absent an abuse of discretion. *Campau v McMath,* 185 Mich App 724, 729; 463 NW2d 186 (1990). We will sustain the trial court's findings of fact unless we are convinced that we would have reached a different result. *Kern v Flint,* 125 Mich App 24, 27; 335 NW2d 708 (1983).

The purpose of the attorney-client privilege is to permit a client to confide in the client's counselor, knowing that such communications are safe from disclosure. *Yates v Keane,* 184 Mich App 80, 83; 457 NW2d 693 (1990); *U S Fire Ins Co v Citizens*

*Ins Co of America,* 156 Mich App 588, 592; 402 NW2d 11 (1986). The scope of the privilege is narrow: it attaches only to confidential communications by the client to its adviser that are made for the purpose of obtaining legal advice. *Yates, supra.*

Plaintiffs have not clarified on which side of the attorney-client relationship defendant supposedly falls. In their argument on appeal, they appear to consider that he was acting as an agent of the attorney; however, they indiscriminately cite cases that address the issue whether a corporate employee may be considered an agent of the client for purposes of asserting the privilege. Plaintiffs' failure adequately to draw this distinction tends to weaken their position because, rightly or wrongly, it implies a lack of understanding of the nature and purpose of the privilege. In order to address this issue properly, we will analyze each side of the attorney-client relationship separately.

First, we consider the attorney side of the relationship. The circuit court found that defendant functioned as a technical expert, and not as an attorney, while employed by Fruehauf.[1] That finding is supported by the record, and we are not convinced that we would have reached a different result. *Kern, supra.*

Plaintiffs cite three cases in support of their assertion that defendant was acting in a quasi-legal capacity while employed by plaintiffs. The first case, *American Motors Corp v Huffstutler,* 61 Ohio St 3d 343; 575 NE2d 116 (1991), is clearly distinguishable from the case at bar. Unlike defendant Hagelthorn, the defendant in *Huffstutler,* besides being an engineer, was also a licensed

[1] Plaintiffs do not, and we consequently need not, address the question of defendant's postretirement relationship with Fruehauf.

attorney who performed legal services for his employer.

The other two cases are distinguishable on the grounds that the nonattorneys in those cases were disqualified from participating in specific litigation in which they had earlier been involved on behalf of the opposing party and with respect to which they were privy to certain confidential information. See *Williams v Trans World Airlines, Inc,* 588 F Supp 1037 (WD Mo, 1984); *Conforti & Eisele, Inc v Division of Building & Construction,* 170 NJ Super 64; 405 A2d 487 (1979). The injunction requested in the present case was not limited to specific litigation or confidential information but sought to prevent defendant from providing any services that related in any way to plaintiffs. Moreover, plaintiffs do not contend that defendant is "switching sides" in related litigation.

Accordingly, we agree with the circuit court that defendant Hagelthorn was not functioning as an attorney, nor was he an agent of an attorney, while employed by Fruehauf.[2]

We next consider the client side of the attorney-client relationship. The controlling case in this context is *Upjohn Co v United States,* 449 US 383; 101 S Ct 677; 66 L Ed 2d 584 (1981). In that case, the United States Supreme Court determined that corporate employees are bound by the attorney-client privilege not to reveal confidential communications between themselves and corporate counsel given within the scope of the employees' corporate duties to enable the corporation to obtain legal advice; however, the protection of the privilege extends only to communications, and not to facts.

---

[2] We do not hold that an engineer or other specialist can never be considered an agent of an attorney for purposes of asserting the attorney-client privilege; we merely conclude that such an assumption is not warranted in this case. See *In re Petition of Delaware,* 91 Mich App 399, 406; 283 NW2d 754 (1979).

*Id.* at 394-395. " 'A fact is one thing and a communication of that fact is an entirely different thing.' " *Id.* at 395-396. Thus, a client may not be compelled to reveal what it said or wrote to its attorney, but it may not refuse to disclose any relevant fact within its knowledge merely because it incorporated a statement of that fact into its communication to the attorney. *Id.* at 396.

Were plaintiffs in the present case asserting the privilege with respect only to *communications* between defendant and counsel, we might agree with their position. However, plaintiffs are actually attempting to silence defendant entirely, i.e., to prevent his disclosure of the technical facts underlying his communications. Under these circumstances, pursuant to *Upjohn,* the privilege may not be asserted.

The trial court further found as fact that information relayed between defendant and plaintiffs' attorneys was not confidential and that defendant was not advised that his discussions with the attorneys were confidential; consequently, the privilege was inapplicable. See *Yates, supra.* Again, those findings are supported by the record and we are not convinced that we would have reached a different result. *Kern, supra.*

We conclude that the trial court did not abuse its discretion in denying the motion for a preliminary injunction and dismissing the complaint for the reason that plaintiffs would not have prevailed on the merits owing to the inapplicability of the attorney-client privilege. Plaintiffs' failure to secure defendant's signature to a confidentiality agreement is not a matter that may appropriately be remedied by resort to equitable relief.

Affirmed.