**Dale DURANT and Deborah Durant, individually and in a representative capacity, Plaintiffs,**

v.

**SERVICEMASTER CO., TruGreen, Inc., and TruGreen Ltd. P'ship, Defendants.**

No. Civ. 01–40007.

United States District Court, E.D. Michigan, Southern Division.

Sept. 5, 2001.

---

Gregory D. Hanley, Timothy O. McMahon, Stephen Wasinger, Wasinger, Kickham, Royal Oak, MI, for Plaintiff.

S. Thomas Wienner, Feeney, Kellett, Bloomfield Hills, MI, for Defendant.

## OPINION AND ORDER

GADOLA, District Judge.

Before the Court is Defendants' motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) [docket entry 22]. Pursuant to Local Rule 7.1(e), the Court concludes that a hearing would not aid in the disposition of this motion. For the reasons set forth below, the Court will deny in part and grant in part Defendants' motion.

## I BACKGROUND

Plaintiffs filed their first amended complaint on May 21, 2001. Defendants are the ServiceMaster Company, TruGreen, Incorporated, and TruGreen Limited Partnership. Defendants are corporations that collaborate with one another to provide lawn care services to roughly 3.5 million customers. Plaintiffs allege that Defendants wrongly added a "fuel surcharge" of one dollar to customers' bills beginning "no later than June 2000" and ending "no sooner than December 2000," a period of at least six months. (FAC[1] at ¶¶ 18 and 43). Plaintiffs are Michigan residents and customers of Defendants. They will seek certification as a class and they assert the following claims against Defendants: (1) violation of 18 U.S.C. § 1962(c) of the Racketeer Influenced and Corrupt Organizations Act ("RICO"); (2) breach of contact; (3) violation of the Michigan Consumer Protection Act ("the MCPA"); and (4) unjust enrichment.

On July 6, 2001, Defendants moved, pursuant to Federal Rule of Civil Procedure 12(b)(6), to dismiss Plaintiffs' first amended complaint. Defendants make five arguments: (1) the voluntary-payment doctrine bars Plaintiffs' claims; (2) the Court should dismiss the RICO claim because

Plaintiffs have failed to plead the requisite elements; (3) the Court should dismiss the MCPA claim because Plaintiffs failed to plead fraud with particularity as Federal Rule of Civil Procedure 9(b) requires; (4) the Court should dismiss the claim for breach of contact against Defendants ServiceMaster Company and TruGreen, Incorporated, because Plaintiffs fail to allege the element of a contract with those Defendants; and (5) the Court should dismiss the claim for unjust enrichment because that claim is legally incompatible with Plaintiffs' allegations that an express contract governs the parties' dispute.

## II LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) authorizes the district courts to dismiss any complaint that fails "to state a claim upon which relief can be granted." Rule 12(b)(6) affords a defendant an opportunity to test whether, as a matter of law, the plaintiff is entitled to legal relief even if everything alleged in the complaint is true. In applying the standards under Rule 12(b)(6), the Court must presume all well-pleaded factual allegations in the complaint to be true and draw all reasonable inferences from those allegations in favor of the non-moving party. *Mayer v. Mylod,* 988 F.2d 635, 638 (6th Cir.1993).

The Court will not, however, accord the presumption of truthfulness to any legal conclusion, opinion or deduction, even if it is couched as a factual allegation. *Morgan v. Church's Fried Chicken,* 829 F.2d 10, 12 (6th Cir.1987). The Court will not dismiss a cause of action "for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). Although the pleading standard is liberal,

---

1. "FAC" refers to Plaintiffs' first amended complaint.

bald assertions and conclusions of law will not enable a complaint to survive a motion pursuant to Rule 12(b)(6). *Leeds v. Meltz,* 85 F.3d 51, 53 (2d Cir.1996).

## III ANALYSIS

### A Voluntary–Payment Doctrine

 Under the doctrine of voluntary payment, "[w]here money has been voluntarily paid with full knowledge of the facts, it cannot be recovered on the ground that the payment was made under a misapprehension of the legal rights and obligations of the person paying." *Progressive Mich. Ins. Co. v. United Wis. Life Ins. Co.,* 84 F.Supp.2d 848, 854 (E.D.Mich.2000) (Edmunds, J.) (quoting *Montgomery Ward & Co. v. Williams,* 330 Mich. 275, 285, 47 N.W.2d 607 (1951)). Where the allegedly-voluntary payment was made under a mistake of fact, however, the doctrine generally does not apply. *Id.* (citing *Kern v. City of Flint,* 125 Mich.App. 24, 335 N.W.2d 708 (1983)).[2]

 Here, the doctrine of voluntary payment does not justify dismissal of Plaintiffs' case. This is so because Plaintiffs allege that Defendants over-billed them, and that Plaintiffs mistakenly submitted full payment under those bills to Defendants. Under the law of Michigan, when one is over-billed and then mistakenly submits full payment in response to that bill, one has made a mistake of fact. *See Wilson v. Newman,* 463 Mich. 435, 617 N.W.2d 318, 320–21 (2000) (discussing *Shield Benefit Administrators, Inc. v. University of Mich. Bd. of Regents,* 225 Mich.App. 467, 571 N.W.2d 556 (1997)). Accordingly, Plaintiffs' alleged overpayments to Defendants were predicated upon Plaintiffs' mistakes of fact and the doctrine

of voluntary payment is no bar to Plaintiffs' action.

### B RICO

 The elements of a claim pursuant to § 1962(c) of RICO are "(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity." *United States v. Blandford,* 33 F.3d 685, 701 (6th Cir.1994) (citations omitted). When deciding whether a complaint sets forth a claim under § 1962(c), the Court must construe liberally the allegations. *See Columbia Natural Resources, Inc. v. Tatum,* 58 F.3d 1101, 1110–11 (6th Cir.1995). Because of the opprobrium that a RICO claim brings to a defendant, however, courts should eliminate frivolous RICO claims at the earliest stage of litigation. *Manhattan Telecomm. Corp., Inc. v. DialAmerica Marketing, Inc.,* 156 F.Supp.2d 376, 380–81 (S.D.N.Y. 2001) (Scheindlin, J.).

 Defendants contend, *inter alia,* that Plaintiffs have failed to plead properly the existence of an enterprise. A RICO enterprise is "any individual, corporation, association, or other legal entity and any union or group of individuals associated in fact although not a legal entity." 18 U.S.C. § 1961(4) (2001). A RICO enterprise must be distinct from the RICO person. *Manhattan Telecomm.,* at 381.

 Plaintiffs aver that "three distinct legal entities—TruGreen, Incorporated, the ServiceMaster Company and TruGreen Limited Partnership—are the 'persons' that form the 'enterprise.'" (Pl.Br. at 12.) TruGreen, Incorporated, the ServiceMaster Company and TruGreen Limited Partnership, however, are merely the named Defendants in this case. A RICO

---

2. There appears to be authority suggesting that the doctrine of voluntary payment does not bar recovery even where the plaintiff has made a mistake of law. *See Hofmann, D.C. v. Auto Club Ins. Ass'n,* 162 Mich.App. 424, 413 N.W.2d 455, 457 (1987). The Court, however, need not address that complicated issue of state law. For reasons discussed above, Plaintiffs have pleaded a mistake of fact, not law.

enterprise "cannot merely consist of the named defendants." *Id.* (citing *Discon, Inc. v. NYNEX Corp.*, 93 F.3d 1055, 1063 (2d Cir.1996)); *accord Libertad v. Welch*, 53 F.3d 428, 442 (1st Cir.1995); *Kaiser v. Stewart*, No. 96–6643, 1997 WL 476455, at *9 (E.D.Pa. Aug.19, 1997); *see also Blue Cross and Blue Shield of N.J., Inc. v. Philip Morris, Inc.*, 113 F.Supp.2d 345, 365–66 (E.D.N.Y.2000) (reasoning that affiliates of a parent corporation, alone or together with the parent corporation, are not a distinct enterprise). *But see Perlberger v. Perlberger*, No. 97–4105, 1999 WL 79503, at *2 (E.D.Pa. Feb.12, 1999). Therefore, Plaintiffs have failed to plead adequately the existence of a distinct enterprise. For that reason, the Court will dismiss Plaintiffs' RICO claim.

### C MCPA

Defendants first argue that Plaintiffs have failed to plead, pursuant to Rule 9(b), fraud under the MCPA with particularity. Assuming *arguendo* that Rule 9(b) applies to the MCPA, the Court holds that Plaintiffs pled fraud with particularity for the following reasons.

 Rule 9(b) requires that "[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity. Malice, intent, knowledge, and other condition of mind of a person may be averred generally." Rule 9(b) exists to provide notice sufficient for the defendant to prepare a responsive pleading to fraud allegations. *Eva v. Midwest Nat'l Mortg. Bank, Inc.*, 143 F.Supp.2d 862, 877 (N.D.Ohio 2001). Toward that end, a plaintiff must allege the: time, place, and content of the alleged misrepresentation; fraudulent scheme; fraudulent intent of the defendants; and, injury resulting from the fraud. *Id.* Plaintiffs have done just that in paragraphs twelve through seventeen, twenty-six, and forty-three.

 Defendants disagree, citing *Krear v. Malek*, 961 F.Supp. 1065 (E.D.Mich. 1997) (Gadola, J.) for the proposition that where, as here, a plaintiff alleges that the defendant made misrepresentations over a period of months, that plaintiff has not pled with specificity the time of the alleged representation. *Id.* at 1070 n. 5. This case, however, is distinct from *Krear.* In *Krear,* the complaint alleged that the misrepresentations occurred in the "Summer of 1994" or "later in 1994," and this Court held that such an allegation, by itself, was insufficient to put the defendants on notice as to when they allegedly made the misrepresentations.

Here, however, the first amended complaint alleges that the misrepresentations began in the summer of 2000 *and* it alleges that each misrepresentation consisted of Defendants sending to Plaintiffs an invoice that contained the surcharge. Thus, unlike the defendants in *Krear,* all Defendants in this case need do in order to know precisely when they made the alleged misrepresentations is to access the invoices. For that reason, this Court concludes that the first amended complaint provides Defendants with more than sufficient notice of when they made the alleged misrepresentations.

 Defendants next contend that Plaintiffs have failed to support their allegation that Defendant TruGreen Limited Partnership "advertis[ed] or represent[ed]" goods or services with intent not to dispose of those goods or services as advertised or represented" in violation of MCPA § 445.903(g). The Court rejects this argument because Plaintiffs allege that there was a price list or form written contract, that list or contract contained misleading prices, and that Defendants intended not to adhere to the prices listed in the list or contract. (FAC at ¶¶ 10–20.)

Defendants next assert that Plaintiffs have not pled facts to support the allegation that Defendant TruGreen Limited Partnership "fail[ed] to reveal a material fact, the omission of which tends to mislead or deceive the consumer, and which fact could not be reasonably known by the consumer" in violation of MCPA § 445.903(s). On the contrary, however, Plaintiffs allege in paragraphs twelve through twenty that all Defendants approved and/or implemented a scheme in which they would deliberately overbill customers and, in so doing, imply that it was necessary to pay the surcharge.

Defendants next argument is that the first amended complaint "fails to allege that *any* TruGreen Limited Partnership personnel made *any* representations to plaintiffs, much less that any particular representation was false or misleading." For reasons discussed above, the Court rejects this contention.

The final argument that Defendants put forth regarding the MCPA claim is that Plaintiffs have failed to state a claim against Defendants ServiceMaster Company and TruGreen, Incorporated. Plaintiffs use the term "TruGreen" to refer to Defendant TruGreen Limited Partnership, but allege that Defendants ServiceMaster Company and TruGreen, Incorporated acted through Defendant TruGreen Limited Partnership. (FAC at ¶ 1.) The Court therefore reads Plaintiffs' use of the term "TruGreen," by itself, to refer to all three Defendants. For that reason, the Court rejects this argument.

### D Breach of Contract

Defendants urge the Court to dismiss Plaintiffs' claim for breach of contract against Defendants ServiceMaster Company and TruGreen, Incorporated because Plaintiffs have failed to allege a contract or breach of contract by those Defendants. A fair reading of paragraphs one though thirteen of the first amended complaint, however, shows that Plaintiffs allege facts that would show that Defendants ServiceMaster Company and TruGreen, Incorporated used Defendant TruGreen Limited Partnership as a mere instrumentality through which to create, and then breach, contracts with consumers. Under such circumstances, Plaintiffs have alleged properly that Defendants ServiceMaster Company and TruGreen, Incorporated are liable for breach of contract. *See Becherer v. Merrill Lynch, Pierce, Fenner & Smith, Inc.,* 799 F.Supp. 755, 777 (E.D.Mich.1992) (Feikens, J.).

### E Unjust Enrichment

Defendants argue that the Court should dismiss Plaintiffs' claim for unjust enrichment because Plaintiffs have pled an express contract. The Court rejects this argument because a plaintiff may assert theories of both breach of contract and unjust enrichment in the same complaint. *Graphic Resources Group, Inc. v. Honeybaked Ham Co.,* 51 F.Supp.2d 822, 828 n. 4 (E.D.Mich.1999) (Gadola, J.).

### IV CONCLUSION

For the reasons set forth above,

**IT IS HEREBY ORDERED** that Plaintiffs' claim under RICO is **DISMISSED.**

**IT IS FURTHER ORDERED** that Defendants' motion to dismiss is, in all other respects, **DENIED.**

**SO ORDERED.**