**Bradley W. GINNEVER,**
**Plaintiff/Appellant,**

v.

**Randall "Randy" W. SCROGGINS,**
**Defendant/Respondent.**

No. 62452.

Missouri Court of Appeals,
Eastern District,
Division Four.

Nov. 2, 1993.

Motion for Rehearing and/or Transfer to Supreme Court Denied Dec. 16, 1993.

Application to Transfer Denied Jan. 25, 1994.

James S. Collins, II, St. Louis, for plaintiff/appellant.

Michael Ray Swafford, St. Louis, for defendant/respondent.

GRIMM, Presiding Judge.

In this jury-tried motor vehicle case, plaintiff obtained a $15,000 verdict against defendant. The jury assessed plaintiff's fault at 65%, and judgment was entered accordingly. Plaintiff appeals; we affirm.

Plaintiff raises two points on appeal. First, he alleges the trial court erred in submitting defendant's comparative fault instruction. He contends there was insuffi-

cient evidence to submit that plaintiff failed to keep a careful lookout. We disagree; sufficient evidence is in the record.

Second, he alleges the trial court erred in allowing defendant to testify about mathematical calculations which constituted expert testimony. He argues the testimony was inadmissible because defendant did not disclose himself as an expert witness in his answers to interrogatories. We disagree; defendant was not required to disclose himself as an expert witness.

### I. Careful Lookout

We turn to plaintiff's allegation that there was insufficient evidence to support defendant's comparative fault instruction. In reviewing the challenged instruction, we view the evidence "in the light most favorable to the party offering the instruction giving that party the benefit of all favorable inferences and disregarding any evidence to the contrary." *Wilkes v. Group Underwriters Mut.,* 715 S.W.2d 308, 310 (Mo.App.E.D.1986).

The evidence most favorable to defendant discloses the following facts. Plaintiff was riding his motorcycle northbound on Highway 94. He exited the highway at the Friedens Road exit; he was going about 10–15 miles per hour. He then accelerated to about 20 miles per hour as he traveled eastbound on Friedens Road.

Plaintiff collided with defendant at the intersection of Friedens Road and Ford Lane. The distance between the east edge of Highway 94 and the west edge of Ford Lane is 131 feet. A diagram is attached showing the relative locations of the highway and streets.

Defendant was driving his car westbound on Friedens Road, pulling a boat on a trailer. His car with the trailer was approximately 39–40 feet in length. He attempted to turn left (south) onto Ford Lane. Before attempting his turn, defendant looked ahead for oncoming traffic that he would need to yield to. Seeing none, he began his turn. During the turn, defendant maintained a speed of approximately 15 miles per hour.

When defendant was partially through the turn, he noticed plaintiff's motorcycle near the end of the exit ramp from northbound

Highway 94. Plaintiff was just exiting onto eastbound Friedens. However, before defendant completed his turn, plaintiff collided with the back portion of the boat trailer.

The collision occurred in the middle of the afternoon on a clear May day. The roads were dry; plaintiff had an unobstructed view from the end of the exit lane to Ford Lane.

■ To make a submissible case based on failure to keep a careful lookout, the evidence must show that plaintiff "saw or could have seen [defendant] in time to have avoided the collision." *Jenkins v. Jordan*, 593 S.W.2d 236, 238 (Mo.App.S.D.1979). The facts and circumstances here were sufficient to submit the issue to the jury. Point denied.

## II. Expert Witness

For his second point, plaintiff alleges the trial court erred in permitting defendant to testify about "detailed mathematical calculations which constituted expert testimony." He points out that (1) defendant was not "disclosed as an expert witness in response to interrogatories submitted to him," and (2) the "figures that defendant testified about ... were not in evidence."

■ Plaintiff submitted an interrogatory to defendant, which asked him to list and identify:

Each person by name, address, and job title that you expect to call as an expert witness at the trial of this case, and with respect to each state; the subject matter on which the expert is expected to testify.

In response, defendant mentioned only physicians who had examined or treated plaintiff.

At trial, defendant's attorney started to ask defendant, an engineer, about some mathematical calculations defendant had made. Plaintiff's counsel objected, "This man has not been endorsed as an expert. Even though he's a party, if he has not been endorsed as expert, I would have had the ability to know that and to be able to question him." The trial court overruled the objection.

Rule 56.01(b)(4) governs discovery of experts expected to testify at trial. By use of an interrogatory, a party may require anoth-er party "to identify each person whom the other party expects to call as an expert witness at trial and to state the general nature of the subject matter on which the expert is expected to testify." Rule 56.01(b)(4)(a).

■ Here, defendant was not an expert witness as that term is used in Rule 56.01. The normal use of that term applies to a witness retained by a party in relation to litigation. *Krug v. United Disposal, Inc.*, 567 S.W.2d 133, 135 (Mo.App.E.D.1978). Or, as the supreme court said, an expert witness is one "engaged by a party in anticipation of litigation to testify to scientific or technical matters." *Owen v. City of Springfield*, 741 S.W.2d 16, 20 (Mo. banc 1987).

Defendant was not a retained witness. Instead, he was an actual party to the controversy. He was not an expert witness as that term is used in Rule 56. The trial court did not err in overruling plaintiff's specific objection that defendant was not disclosed as an expert witness.

Also, we note that Missouri Rule 56.-01(b)(4) is modeled after Rule 26(b)(4) of the Federal Rules of Civil Procedure. Therefore, federal precedent is persuasive for our construction of Rule 56.01(b)(4). Federal precedent also supports our conclusion.

In *Baran v. Presbyterian Univ. Hosp.*, 102 F.R.D. 272, 273 (W.D.Penn.1984), the plaintiff sued the defendant hospital and doctors for malpractice. The plaintiff contended that the district court erred in allowing the defendant doctors to testify without prior submission of expert reports in violation of Rule 26(b)(4)(A)(i). The district court observed that the drafting committee's comments to this rule "are clear in showing that the drafters did not intend that this rule apply to a party who is an expert, such as the defendant doctors in this case." *See also Rodrigues v. Hrinda*, 56 F.R.D. 11, 12 (W.D.Penn.1972) ("It is the opinion of the court that Rule 26(b)(4) has no application to this case and that by its very terms it only applies to experts engaged in anticipation of litigation or for trial.").

Next, we address plaintiff's contention that defendant's testimony, concerning his mathematical calculations, was based on facts not

in evidence. Suffice to say, plaintiff did not mention such objection at trial. Plaintiff's only objection was that defendant had "not been endorsed as an expert."

██ On appeal, a party may not present a different objection than the one made at trial. *Krame v. Waller,* 849 S.W.2d 236, 239 (Mo. App.E.D.1993). Because plaintiff did not make the objection he now raises, this objection has not been preserved. Point denied.

The trial court's judgment is affirmed.

CARL R. GAERTNER and AHRENS, JJ., concur.