REED DAIRY FARM v CONSUMERS POWERS COMPANY

Docket Nos. 196818, 196900. Submitted October 7, 1997, at Detroit.
Decided February 3, 1998, at 9:05 A.M. Leave to appeal sought.

Reed Dairy Farm brought a civil action in the Shiawassee Circuit
Court against Consumers Power Company. The court, Gerald D.
Lostracco, J., granted the plaintiff's discovery motions to submit
interrogatories to experts named on the defendant's witness list
and to compel the defendant's paralegal to appear for a deposition.
The defendant appealed by leave granted from the orders granting
the motions, and the appeals were consolidated.

The Court of Appeals *held*:

1. The trial court did not abuse its discretion in allowing interrogatories to be served on the defendant's expert witnesses. The omission from the court rules of language specifically authorizing interrogatories to be submitted to nonparty expert witnesses does not necessarily imply that such a discovery technique may not be utilized, especially where, as here, there are compelling circumstances. The defendant named twelve potential expert witnesses, but was unable to identify who would testify at trial. The plaintiff, in the absence of the interrogatories allowed by the trial court, would have been unduly burdened if it had to question each expert individually at significant expense and loss of time that could have been spent preparing for trial. The defendant will suffer no prejudice from the submission of interrogatories to its experts inasmuch as the interrogatories are subject to review and approval by defense counsel and the trial court and the plaintiff has agreed to pay reasonable fees to the experts for time spent responding to the interrogatories.

2. The trial court did not err in ordering that the defendant's paralegal appear for a deposition. The attorney-client privilege does not apply because the paralegal, although an employee of the defendant, was not privy to confidential communications between the defendant and its attorneys, the information sought to be discovered at deposition related to facts, not to communications that would be subject to the privilege, and the information sought to be discovered was not confidential.

Affirmed.

.

1. PRETRIAL PROCEDURE — DISCOVERY — INTERROGATORIES — EXPERT WITNESSES.

  A trial court, at its discretion and especially where there are compelling circumstances, may allow the submission of interrogatories to nonparty expert witnesses (MCR 1.105, 2.302[B][1],[F][2]).

2. ATTORNEY AND CLIENT — ATTORNEY-CLIENT PRIVILEGE.

  The attorney-client privilege attaches to confidential communications between attorney and client, but not to relevant facts within their knowledge even if such facts are incorporated in communications between them.

*John S. Paterson* and *Rosemary A. Gordon*, for the plaintiff.

*Smith, Haughey, Rice & Roegge* (by *Lance R. Mather*), for the defendant.

Before: FITZGERALD, P.J., and MARKEY and J. B. SULLIVAN* , JJ.

PER CURIAM. This interlocutory appeal arises from two orders granting plaintiff's motions pertaining to discovery matters. Defendant appeals both orders by leave granted. We affirm.

Defendant first argues that the trial court erred in granting plaintiff's motion to submit a set of interrogatories to defendant's out-of-state experts named on its witness list. Defendant insists that plaintiff should not be permitted to submit interrogatories to defendant's experts because the court rules authorize interrogatories to be served only on parties to a lawsuit, and the expert witnesses are not named parties in this case. On the other hand, plaintiff asserts that the trial court has broad discretion over discovery matters and that MCR 2.302(B)(4)(a)(iii)     provides

---

* Former Court of Appeals judge, sitting on the Court of Appeals by assignment.

authority for the trial court's decision to grant the motion.

A trial court's decision to grant or deny discovery is reviewed by this Court for an abuse of discretion. *Mercy Mt Clemens Corp v Auto Club Ins Ass'n*, 219 Mich App 46, 50-51; 555 NW2d 871 (1996). It is well settled that Michigan follows an open, broad discovery policy that permits liberal discovery of any matter, not privileged, that is relevant to the subject matter involved in the pending case. MCR 2.302(B)(1); *Domako v Rowe*, 438 Mich 347, 353, 359; 475 NW2d 30 (1991); *In re Hammond Estate*, 215 Mich App 379, 386; 547 NW2d 36 (1996). In addition, the Supreme Court has repeatedly emphasized that the purpose of discovery is to simplify and clarify issues. *Domako*, *supra*, 360. Thus, the rules should be construed in an effort to facilitate trial preparation and to further the ends of justice. *Id.*; *Eyde v Eyde*, 172 Mich App 49, 54; 431 NW2d 459 (1988). Moreover, "[the discovery process] should promote the discovery of the facts and circumstances of a controversy, rather than aid in their concealment." *Domako*, *supra*, 360. Indeed, restricting parties to formal methods of discovery would serve to complicate trial preparation, rather than aid in the search for truth. *Id.* MCR 1.105 explicitly states that the "[court] rules are to be construed to secure the just, speedy, and economical determination of every action."

MCR 2.309(A) provides, in pertinent part:

> A party may serve on another party written interrogatories to be answered by the party served or, if the party served is a public or private corporation, . . . by an officer or agent.

The relevant portion of MCR 2.302(B) provides:

> (4) Trial Preparation; Experts. Discovery of facts known and opinions held by experts, otherwise discoverable . . . may be obtained only as follows:
>
> \*       \*       \*
>
> (a)(iii) On motion, the court may order further discovery by other means, subject to such restrictions as to scope and such provisions (pursuant to subrule [B][4][c]) concerning fees and expenses as the court deems appropriate.

We are persuaded that the omission from the court rules of language specifically authorizing interrogatories to be submitted to nonparty expert witnesses does not necessarily imply that such a discovery technique may not be utilized, especially where there are compelling circumstances. See MCR 2.302(F)(2); *Domako, supra,* 361-362; *Nuriel v YWCA,* 186 Mich App 141, 146; 463 NW2d 206 (1990).

In this case, defendant has provided a list of twelve potential expert witnesses, but is unable to say for certain which ones will be used at trial. This leaves plaintiff with little choice except to question each expert individually, requiring plaintiff to travel all over the country, incurring significant expenses and losing valuable time that could be spent preparing for trial. In light of the available alternative, such a requirement would be unduly burdensome. In addition, plaintiff has agreed to pay reasonable fees to the experts for their time. Finally, there is no indication that defendant would suffer any prejudice from plaintiff's submitting interrogatories to the experts. Plaintiff's inquiry would be limited to the interrogatories that both counsel and the trial court review and approve.

Because the court rules are simply guidelines for accessing information, and are not designed to be an exhaustive index of every resource available to parties during discovery, we find that a trial court, when essential to facilitate and expedite the search for accurate and relevant information, may order discovery methods it deems appropriate and necessary. Accordingly, the trial court's order was not an abuse of discretion under the circumstances of this case. *Eyde, supra.*

Defendant next argues that the trial court erred in granting plaintiff's motion to compel discovery ordering defendant's paralegal to appear for a deposition. Specifically, defendant contends that the paralegal is an agent of defendant and cannot be compelled to testify at a deposition because such communication is protected by the attorney-client privilege.

Whether the attorney-client privilege may be asserted is a legal question that this Court reviews de novo. *Monroe Beverage Co, Inc v Stroh Brewing Co,* 211 Mich App 286, 295; 535 NW2d 253 (1995), rev'd in part on other grounds 454 Mich 41; 559 NW2d 297 (1997). Once we determine whether the attorney-client privilege is applicable to the facts of this case, we must then determine whether the trial court's order was proper or an abuse of discretion. *Auto Club, supra,* 50-51.

The attorney-client privilege attaches to direct communication between a client and his attorney as well as communications made through their respective agents. *Grubbs v K mart Corp,* 161 Mich App 584, 589; 411 NW2d 477 (1987). The scope of the attorney-client privilege is narrow, attaching only to confidential communications by the client to his advisor that

are made for the purpose of obtaining legal advice. *Yates v Keane*, 184 Mich App 80, 83; 457 NW2d 693 (1990). Where an attorney's client is an organization, the privilege extends to those communications between attorneys and all agents or employees of the organization authorized to speak on its behalf in relation to the subject matter of the communication. *Hubka v Pennfield Twp*, 197 Mich App 117, 121; 494 NW2d 800 (1992), rev'd on other grounds 443 Mich 864 (1993).

Our first inquiry is whether the paralegal was an agent of defendant, acting in a representative capacity and authorized to speak on its behalf. We are not persuaded that the paralegal, who merely signed his name to the interrogatories, had firsthand knowledge of the answers to which he affixed his signature, nor that he was privy to the confidential communications in which defendant engaged with its attorney. Moreover, there is no indication that the paralegal participated in trial strategy or preparation to the extent that he revealed confidential information to counsel on behalf of defendant. Therefore, although he may be an employee of defendant, we do not find that the paralegal was defendant's agent, authorized to speak on its behalf. *Id.*, 121-122.

Furthermore, we find that the information sought to be discovered by plaintiff from defendant's paralegal is not the type of information that the attorney-client privilege is designed to protect. The United States Supreme Court had occasion to consider this issue in *Upjohn Co v United States*, 449 US 383, 393-394; 101 S Ct 677; 66 L Ed 2d 584 (1981), and determined that the attorney-client privilege is limited to *communications* between employee and counsel, not

facts. Thus, clients and their agents must disclose on request any relevant fact within their knowledge even if they incorporated a statement of that fact into a communication to the attorney. *Id.*, 395-396; see also *Fruehauf Trailer Corp v Hagelthorn*, 208 Mich App 447, 451-452; 528 NW2d 778 (1995). After reviewing the information that defendant asserts would be protected by the privilege, we have determined that defendant was not asserting the privilege with respect to communications between its employee and counsel. Rather, defendant is attempting to shield its employee from any inquiry by plaintiff, thereby preventing disclosure of essential *facts* in the case. We conclude that the privilege may not be asserted on this basis.

Finally, we find that the information that plaintiff seeks to discover from defendant's paralegal is not confidential. *Yates, supra.* To the contrary, it is part of the lower court file, which contains public documents. In addition, plaintiff requests to depose the paralegal only to further investigate the vague and indecisive responses he provided to the interrogatories; it does not seek to obtain nondiscoverable information. Thus, at this juncture, defendant has not explained how the information would violate the privilege, even if it were to attach. Accordingly, the attorney-client privilege does not preclude defendant's paralegal from being compelled to testify in a deposition.

Affirmed.