# STATE OF MICHIGAN

# COURT OF APPEALS

---

TAMARA FILAS,

        Plaintiff-Appellant,

v

KEVIN THOMAS CULPERT and EFFICIENT
DESIGN, INC.,

        Defendants-Appellees.

UNPUBLISHED
March 10, 2015

No. 317972
Wayne Circuit Court
LC No. 13-000652-NI

---

Before: GLEICHER, P.J., and CAVANAGH and FORT HOOD, JJ.

PER CURIAM.

Plaintiff appeals as of right an order dismissing her third-party no-fault insurance case against defendants, Kevin Thomas Culpert and Efficient Design, Inc., after she refused to provide signed authorizations for the release of her records during discovery. We affirm.

In January 2013, plaintiff filed this action alleging that, in January 2010, she sustained serious injuries when she was rear-ended by a vehicle being driven by Culpert in the course of his employment with Efficient Design. In March 2013, plaintiff terminated her attorney and filed a "motion for continuance," requesting the trial court to grant her extensions of time to complete discovery requested by defendants and to extend the scheduling order dates. At oral argument on plaintiff's motion, which was heard in May, the trial court advised plaintiff that her deposition and other discovery requests would be stayed for 30 days or until an attorney filed an appearance on her behalf, whichever was sooner. During the course of that hearing, the trial court referenced plaintiff's refusal to sign record release authorizations that had been requested by defendants, noting that the case had already been dismissed once because of her refusals and "[t]here's going to come a point where if I've dismissed the case twice, it's going to be with prejudice, and then you're not going to be able to bring a lawsuit again, so this is something you have to do." The court further advised plaintiff: "This is what the law requires. I understand you don't want to do it, but in order to bring such a lawsuit, you have to do it." Plaintiff responded: "But I'm being asked to give records to a third party, not just the attorneys. I'm being asked to give them to this deposition service, and I just wanted to clarify that it was just going to the one attorney." The court responded: "It goes through Record Copy Service. They don't care about your medical records, but that's the way it's done, okay. That's the way it's done. That way they know they get all your records and that you're not keeping any back."

Thereafter, on May 3, 2013, the trial court entered an order denying plaintiff's motion for continuance, but staying discovery for 30 days or until plaintiff retained new counsel.

In May 2013, Culpert and Efficient Design filed re-notices of hearing for their previously filed motions to compel certain discovery that had been requested from plaintiff in February 2013. In June 2013, plaintiff, *in propria persona*, responded to their motions to compel. In her answer to Efficient Design's motion, plaintiff contended "that until it is established through discovery that Efficient Design is liable for harm caused by Kevin Culpert while in the course and scope of his employment, Plaintiff should not be required to release her medical information to Defendant, Efficient Design Inc." Plaintiff requested 28 days "to prepare interrogatories and requests for admissions for [defendant] to attempt to determine the liability of Efficient Design Inc., in the third party tort case." Plaintiff further argued that she "does not believe it is reasonable for the Court to require her to provide medical records to Efficient Design Inc., a party that has not yet admitted any responsibility in the case."

During oral arguments on the motions held on Friday, June 21, 2013, counsel for Efficient Design advised the court that plaintiff continued to refuse to provide signed authorizations releasing her records, as she had since 2010. Plaintiff responded that she had requested more time "to investigate whether or not they're even liable because right now they're not even admitting that Mr. Culpert - - that they are the employer of Mr. Culpert." Plaintiff also argued that she should not have to give records to a party that has not admitted any liability. The trial court advised plaintiff that her argument had no merit and that if she did not provide the requested authorizations, the case would be dismissed. Plaintiff responded: "Okay, it's just that Efficient Design hasn't said they were liable, so." Again the trial court advised plaintiff that she had to provide the requested authorizations and asked her if she was going to do so. Plaintiff said that she would provide the authorizations and, although the trial court wanted her to do so while they were in court, plaintiff declined saying that "it takes a lot more time than that." Thereafter, the trial court advised plaintiff that if defense counsel did not get the requested authorizations—without amendment or alteration—by Monday, either outside of court or at a 2:00 p.m. court hearing, her case would be dismissed.

On Monday, June 24, 2013, oral argument on defendants' motions was continued with regard to plaintiff's refusal to provide the requested authorizations. Counsel for Efficient Design advised the trial court that plaintiff had stopped by his office and provided only about half of the requested authorizations. And they were altered. Plaintiff was not in court, but the court noted on the record that plaintiff knew about the hearing and an attempt to reach her by telephone was unsuccessful. Thereafter, the trial court dismissed the case without prejudice and requested that a seven-day order be submitted.

Subsequently, plaintiff filed an objection to Efficient Design's proposed order of dismissal without prejudice, arguing that she did not receive an email by 5:00 p.m. on the date of the first hearing, June 21, with the desired authorizations, so she filled out some SCAO medical authorizations and hand-delivered them to defense counsel on Monday, June 24, before the 2:00 p.m. court hearing. She subsequently checked her email and found that defendant had, in fact, emailed her the requested authorizations on June 21, but it was after 5:00 p.m. Plaintiff denied that she altered the authorizations or that she failed to provide the requested authorizations.

Efficient Design responded to plaintiff's objection, arguing that the authorizations it sought were sent by email to plaintiff as directed by the court, and plaintiff failed to check her email for those expected authorizations. Instead, plaintiff filled out some SCAO forms, which are not accepted by many medical providers, and she limited the authorizations to records for specific treatment dates. Further, plaintiff did not provide numerous other authorizations that had been requested and, to date, still had not provided the authorizations. Efficient Design noted that plaintiff's first-party no-fault insurance lawsuit had been dismissed because of her failure to provide signed authorizations, and requested that the trial court strike plaintiff's objection and enter an order of dismissal.[1] Culpert filed a concurrence in Efficient Design's response to plaintiff's objection to the proposed order of dismissal.

On August 9, 2013, oral arguments were held on plaintiff's objection to the proposed order of dismissal. At the beginning of the hearing, the trial court advised plaintiff that if she wanted to proceed with her case and have the court reinstate her case, she would have to sign the authorizations that were there in court at that time. Plaintiff responded: "I have a problem with some of the clauses." The trial court advised plaintiff that it had already ruled on the language of the authorizations and that this was her last chance; if she signed the authorizations, her case would be reinstated and, if she did not, the case would be dismissed. Plaintiff again responded: "I have some problems with some of the clauses they're asking for in the forms." The trial court, again, requested that plaintiff sign the authorizations and plaintiff refused, stating: "Not for some of the things that they're asking." Thereafter, the trial court dismissed the case.

Plaintiff then filed this appeal. Culpert filed a motion to affirm pursuant to MCR 7.211(C)(3), arguing that many of the issues raised by plaintiff in this appeal were raised and rejected by this Court in plaintiff's appeal related to the dismissal of her first-party insurance case. This Court granted the motion in part, holding that this appeal could proceed only with respect to Issue IV, regarding the motion to compel, and Issue V, regarding the dismissal of the case against both defendants. *Filas v Culpert*, unpublished order of the Court of Appeals, entered November 25, 2014 (Docket No. 317972). And plaintiff's motion for reconsideration was denied. *Filas v Culpert*, unpublished order of the Court of Appeals, entered January 27, 2015 (Docket No. 317972). Accordingly, we first turn to Issue IV.

Plaintiff argues that the trial court erred when it ordered her to sign record release authorizations provided to her by Efficient Design after the June 21, 2013 hearing on its motion to compel discovery without first requiring Efficient Design to file a second motion to compel discovery. We disagree.

"It is well settled that Michigan follows an open, broad discovery policy that permits liberal discovery of any matter, not privileged, that is relevant to the subject matter involved in the pending case." *Reed Dairy Farm v Consumers Power Co*, 227 Mich App 614, 616; 576 NW2d 709 (1998). Plaintiff alleged in her complaint that she "sustained injuries or aggravation of pre-existing conditions constituting serious impairment of a body function." Those alleged

---

[1] See *Filas v MEEMIC Ins Co*, unpublished opinion per curiam of the Court of Appeals, issued October 14, 2014 (Docket No. 316822).

injuries were "to her head, neck, back and other parts and portions of her body all of which did cause her pain, suffering and limitations in use, function and enjoyment." Plaintiff also alleged that she suffered "[a] work loss and loss of earnings and earning capacity." And plaintiff alleged that "some or all of the injuries [she] sustained are permanent." Because of these claimed injuries, plaintiff sought a judgment against defendants "in excess of $25,000.00 plus costs, fees and interest."

Plaintiff apparently believes, however, that defendants are required to "simply take her word for it" that she suffered these purported numerous and egregious injuries. But as the trial court repeatedly explained to plaintiff, she is wrong. Plaintiff's proffered reasons for refusing to sign record release authorizations included that: the requested records would be going to a third-party for copying; Efficient Design did not admit liability; she had "a problem with some of the clauses" on the authorizations; and she did not want some of her records provided to defendants. None of these reasons have merit. Again, defendants are entitled to "liberal discovery of any matter, not privileged, that is relevant" to defending against and disproving plaintiff's numerous allegations made in support of her request for a substantial judgment in her favor. See *id*. Under the circumstances of this case, the trial court's decision to compel plaintiff to comply with the discovery requested, i.e., to sign record release authorizations, without requiring Efficient Design to file a second motion to compel discovery did not constitute an abuse of discretion.[2] See *Ghanam v Does*, 303 Mich App 522, 530; 845 NW2d 128 (2014).

Next, in Issue V, plaintiff argues that the trial court erred when it dismissed her case against both defendants because only one of the attorneys for Efficient Design requested dismissal as a discovery sanction. We disagree.

"Discovery sanctions are reviewed for an abuse of discretion." *Dean v Tucker*, 182 Mich App 27, 32; 451 NW2d 571 (1990). An abuse of discretion occurs when the trial court's decision results in an outcome falling outside the range of reasonable and principled outcomes. *Maldonado v Ford Motor Co*, 476 Mich 372, 388; 719 NW2d 809 (2006).

Plaintiff argues that her "case involves three separate insurance companies and three separate insurance policies---one for Kevin Culpert and two for Efficient Design." She states: "Plaintiff-Appellant does not believe her entire case against all three insurance companies representing both Kevin Culpert and Efficient Design should have been be dismissed." Plaintiff argues that only one attorney for Efficient Design requested that her case be dismissed, but not the other attorney representing Efficient Design and not Culpert's attorney so her case should not have been dismissed.

First, Efficient Design is a named defendant in this case, not an insurance company. That is, plaintiff sued Efficient Design. Efficient Design was entitled to conduct discovery. Because plaintiff repeatedly refused to provide the requested record release authorizations, Efficient Design sought dismissal of plaintiff's claim against it. Second, Culpert is a named defendant in

---

[2] We note that plaintiff does not even claim on appeal that she would, in fact, have signed record release authorizations if they were the subject of a second motion to compel.

this case, not an insurance company. Culpert's attorney repeatedly requested that the trial court dismiss plaintiff's case "for her continued refusal to engage in meaningful discovery" and, as plaintiff notes in her response to Culpert's motion to compel discovery, Culpert also requested signed record release authorizations be provided by plaintiff. Further, at oral argument conducted on May 2, 2013, Culpert's attorney requested signed authorizations from plaintiff. At oral argument conducted on June 21, 2013, Culpert's attorney again requested signed authorizations from plaintiff. Culpert also filed a concurrence in Efficient Design's response to plaintiff's objection to the proposed order of dismissal, which requested that plaintiff's objection be stricken and that an order of dismissal be entered by the trial court. Accordingly, plaintiff's argument that her case should not have been dismissed as a discovery sanction because only one attorney for Efficient Design requested its dismissal is without merit.

Affirmed.

/s/ Elizabeth L. Gleicher
/s/ Mark J. Cavanagh
/s/ Karen M. Fort Hood