# STATE OF MICHIGAN

# COURT OF APPEALS

---

*In re* Estate of JACK HILL.

---

SONYA BROWNING, Personal Representative of
the Estate of JACK HILL,

        Plaintiff-Appellee,

v

HENRY FORD HOSPITAL and MARY
SULLIVAN, M.D.,

        Defendants-Appellants,

and

DR. JOHN DOE,

        Defendant.

UNPUBLISHED
March 10, 2015

No. 319203
Wayne Circuit Court
LC No. 13-008712-NH

---

Before: TALBOT, C.J., and CAVANAGH and FORT HOOD, JJ.

PER CURIAM.

Henry Ford Hospital and Mary Sullivan, M.D., appeal by leave granted the trial court's order granting Sonya Browning's motion to compel discovery of Henry Ford's suicide protocol. We reverse and remand.

This action arises from the suicide of Jack Hill. On April 14, 2011,[1] the 54-year-old decedent was treated at Henry Ford Wyandotte Hospital's emergency room because of medical issues and depression associated with his withdrawal from prescription drugs, which he had abused for many years. The decedent was evaluated, given a prescription for Ativan, and discharged with instructions to follow up with his primary care physician in one day. Six days later, the decedent committed suicide.

---

[1] The complaint erroneously indicates that the date was April 24, 2011.

-1-

Browning thereafter filed this wrongful death action, alleging that Henry Ford and Sullivan breached various duties of care, including a duty to "obtain a psychiatric consultation, make a full assessment of a suicide risk, [and] formulate and implement a plan to reduce suicide risk." Browning sought to discover Henry Ford's protocol for suicidal patients. Henry Ford and Sullivan refused to provide the protocol, prompting Browning to bring a motion to compel discovery of the requested document. At the hearing on Browning's motion, Browning's attorney acknowledged that the suicide protocol was not admissible to establish the standard of care, but argued that it might lead to admissible evidence. The trial court granted Browning's motion and directed Henry Ford and Sullivan to produce the protocol. This Court granted Henry Ford and Sullivan's interlocutory application for leave to appeal the trial court's order.

On appeal, Henry Ford and Sullivan argue that the trial court abused its discretion when it ordered production of Henry Ford Wyandotte Hospital's internal suicide protocol. We agree. We review a trial court's decision granting a motion to compel discovery for an abuse of discretion.[2] An abuse of discretion occurs when a court's decision is outside the range of principled outcomes.[3]

"It is well settled that Michigan follows an open, broad discovery policy that permits liberal discovery of any matter, not privileged, that is relevant to the subject matter involved in the pending case."[4] Discovery aims to simplify and clarify issues, and the rules should be construed to "facilitate trial preparation and to further the ends of justice."[5] Although Michigan encourages wide discovery, trial courts should protect the opposing party's interests in avoiding "excessive, abusive, or irrelevant discovery requests."[6]

Here, Henry Ford's internal policies and procedures regarding suicidal patients are not admissible to establish a standard of care.[7] Also, Henry Ford and Sullivan are not subject to a legal duty on the basis of their internal protocols.[8] But merely because Henry Ford's suicide protocol would not be admissible at trial does not mean that it is not discoverable. The Michigan Court Rules provide that "[i]t is not ground for objection that the information sought will be

---

[2] *Cabrera v Ekema*, 265 Mich App 402, 406; 695 NW2d 78 (2005).

[3] *Maldonado v Ford Motor Co,* 476 Mich 372, 388; 719 NW2d 809 (2006).

[4] *Reed Dairy Farm v Consumers Powers Co,* 227 Mich App 614, 616; 576 NW2d 709 (1998).

[5] *Id.*

[6] *Hartmann v Shearson Lehman Hutton, Inc,* 194 Mich App 25, 29; 486 NW2d 53 (1992).

[7] See *Gallagher v Detroit-Macomb Hosp Ass'n,* 171 Mich App 761; 431 NW2d 90 (1988); see also *Jilek v Stockson,* 490 Mich 961; 805 NW2d 852 (2011) (holding that the trial court did not abuse its discretion in excluding exhibits relating to internal guidelines and procedures for the reasons stated in this Court's dissenting opinion in *Jilek v Stockson,* 289 Mich App 291, 316-317; 796 NW2d 267 (2010)).

[8] *Zdrojewski v Murphy,* 254 Mich App 50, 62; 657 NW2d 721 (2002); *Buczkowski v McKay*, 441 Mich 96; 490 NW2d 330 (1992).

inadmissible at trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence."[9]

Although Browning has not submitted a brief on appeal, she argued below that Henry Ford's internal suicide protocol could lead to the discovery of admissible evidence. At the hearing on Browning's motion to compel, Public Health Code, MCL 333.1101 *et seq.* was generally cited for the proposition that "[h]ospitals are required to review their professional practices to improve the quality of patient care and reduce morbidity and mortality," which it was asserted was "an example where [discovery of the suicide protocol] may lead to something." Browning, however, did not cite any statute requiring a hospital to have a protocol for suicidal patients, and presented no further argument regarding how discovery of the suicide protocol might reasonably be calculated to lead to the discovery of admissible evidence. This Court has consistently held that litigants may not use discovery as a fishing expedition.[10]

Browning also relied on *Kakligian v Henry Ford Hosp*[11] for the proposition that "[v]iolation of a regulation promulgated pursuant to statutory authority is admissible in a malpractice action." The instant case, however, is clearly distinguishable from *Kakligian* because it does not involve violation of a regulation promulgated pursuant to statutory authority. Rather, the material sought by Browning is Henry Ford's own internal protocol regarding suicidal patients.

However, this Court's decision in *Hartmann v Shearson Lehman Hutton, Inc*[12] supports the conclusion that Henry Ford's protocols regarding suicidal patients are not discoverable. In *Hartmann,* this Court affirmed a trial court's determination that the defendant-financial advisor's internal policy manual was not discoverable. This Court ruled that the plaintiff had not shown that the manual would aid in discovering relevant and admissible evidence, explaining:

> It matters not whether it is customary for Shearson's agents, because of the requirements of its policy and procedures manual, to advise investors regarding the capital gains tax consequences of investment advice. What is relevant is whether a stockbroker has an obligation to advise an investor regarding the tax consequences of recommended investment options and, if such a duty does exist, whether Konchal complied with that duty in handling Walker's account. Because plaintiff makes no showing of how the manual would shed light on either the question of a stockbroker's duty to his customer or what Konchal actually did in

---

[9] MCR 2.302(B)(1).

[10] See *VanVorous v Burmeister,* 262 Mich App 467, 477; 687 NW2d 132 (2004).

[11] 48 Mich App 325; 210 NW2d 463 (1973).

[12] 194 Mich App at 29.

the handling of Walker's account, the contents of the manual are not relevant to this litigation and plaintiff is merely engaging in a fishing expedition.[13]

Similarly, in the instant case, Browning failed to make a showing of how the suicide protocol would shed light on any duty owed by Henry Ford and Sullivan to the decedent. Browning's mere suggestion that the requested protocol might lead to something was insufficient to explain how it was reasonably calculated to lead to the discovery of admissible evidence regarding the standard of care and the breach of that standard. Accordingly, there was no principled basis for the trial court's decision to compel production of the suicide protocol. Therefore, the trial court abused its discretion in granting Browning's motion to compel.

Reversed and remanded. We do not retain jurisdiction.

/s/ Michael J. Talbot
/s/ Mark J. Cavanagh
/s/ Karen M. Fort Hood

---

[13] *Id.*

-4-