# STATE OF MICHIGAN

# COURT OF APPEALS

SHANNON BITTERMAN,

        Plaintiff-Appellant,

v

CHERYL D. BOLF,

        Defendant-Appellee.

UNPUBLISHED
April 14, 2015

No. 319663
Saginaw Circuit Court
LC No. 13-019397-CZ

Before: O'CONNELL, P.J., and FORT HOOD and GADOLA, JJ.

PER CURIAM.

Plaintiff, Shannon Bitterman, appeals as of right the trial court's order granting summary disposition to defendant, Cheryl D. Bolf, under MCR 2.116(C)(10). The trial court concluded that Bolf was not a public official for the purposes of the Open Meetings Act (the Act). We affirm.

## I. FACTUAL BACKGROUND

Bolf is a clerk for the Village of Oakley. Bitterman filed a complaint against Bolf, alleging that Bolf falsified minutes from a village council meeting on November 8, 2012. Bolf admitted that she added a paragraph to the public meeting minutes after the council reviewed and approved the minutes in December 2012, but she maintained that she did so in good faith to correct an error.

During a deposition in June 2013, counsel for Bitterman sought to question Bolf about a closed session of the meeting that took place on November 8, 2012. Counsel for Bolf objected on the grounds that discussions in closed council sessions are privileged. Counsel for Bitterman contended that any discussions outside the purpose of the closed meeting were not privileged. Counsel for Bolf instructed Bolf not to answer the questions.

On July 12, 2013, Bitterman filed a motion to compel Bolf to answer the questions, asserting that the answers were not privileged and that counsel for Bolf should not have instructed Bolf not to answer. Bolf responded that her answers were subject to a privilege and that answering them also would have violated the trial court's order in a different lawsuit. On July 22, 2013, the trial court denied Bitterman's motion. It determined that Bolf's answers were subject to a privilege and that permitting Bitterman to depose Bolf on the issue would violate its protective order in another case.

-1-

In August 2013, Bitterman moved for summary disposition under MCR 2.116(C)(10). Bitterman alleged that there was no question of fact regarding whether Bolf violated the Act because she admitted that she altered the minutes. In response, Bolf moved for summary disposition under MCR 2.116(C)(10), asserting that a village clerk is not a public official under the Act.

The trial court granted summary disposition to Bolf on the basis that she was not a public official. Relying on this Court's decision in *People v Whitney*, 228 Mich App 230; 578 NW2d 329 (1998), the trial court reasoned that Bolf was not a public official because she was not a member of a public body. It also noted that Bolf did not exercise legislative authority.

## II. STANDARDS OF REVIEW

This Court reviews de novo the trial court's decision on a motion for summary disposition and issues of statutory interpretation. *Herald Co v Bay City*, 463 Mich 111, 117; 614 NW2d 873 (2000). When interpreting a statute, this Court's role is to examine the statute's language to determine the intent of the legislature. *Id*. "If the language of a statute is clear and unambiguous, the plain meaning of the statute reflects the legislative intent and judicial construction is not permitted." *Id*. at 117-118.

We review for an abuse of discretion the trial court's decision on a discovery motion. *Reed Dairy Farm v Consumers Power Co*, 227 Mich App 614, 616; 576 NW2d 709 (1998). The trial court abuses its discretion when its outcome falls outside the range of principled outcomes. *Maldonado v Ford Motor Co*, 476 Mich 372, 388; 719 NW2d 809 (2006). We review de novo issues of privilege. *In re Costs & Attorney Fees*, 250 Mich App 89, 98; 645 NW2d 697 (2002).

## III. CLOSED MEETING PRIVILEGE

Bitterman contends that the trial court erred by refusing to compel Bolf to answer her questions about the closed session. According to Bitterman, the privilege should not attach because the council discussed topics outside the stated purpose of the meeting. Bolf contends that her attorney properly instructed her not to answer any questions because her answers were subject to a statutory privilege. We conclude that the trial court did not abuse its discretion by denying Bitterman's motion to compel because Bitterman did not follow the proper discovery procedures in light of Bolf's assertion of privilege.

While the Act generally provides that any meeting of a public body should be held in a public place and open to the general public, MCL 15.263(1), it also provides exceptions under which a public body may meet in a closed session. MCL 15.268. Minutes taken at a closed session "are not available to the public, and shall only be disclosed if required by a civil action" filed under the Act. MCL 15.267(2). However, this Court does not allow public bodies to evade the Act's requirements by discussing topics in closed meetings outside of those topics for which the Act provides an exception. *Whitney*, 228 Mich App at 247.

Michigan follows a policy of open and broad discovery. *Reed Dairy Farm*, 227 Mich App at 616. Generally, any matter that is relevant to the subject matter of the controversy is subject to discovery. *Id*. Parties may make objections during depositions, and "evidence objected to on grounds *other than privilege* shall be taken subject to the objections. MCR

2.306(C)(4) (emphasis added). An attorney may instruct a party not to answer a question "when necessary to preserve a privilege or other legal protection . . . ." MCR 2.306(C)(5)(a). "An in camera proceeding is the appropriate vehicle to determine whether information requested in discovery proceedings is protected by a statutory privilege." *LeGendre v Monroe Co*, 234 Mich App 708, 742; 600 NW2d 78 (1999).

In this case, counsel for Bolf asserted that the answer to Bitterman's question was subject to a statutory privilege. At the time Bitterman asked the question, there was no indication that the closed session minutes were required in this action. MCR 2.306(D)(1) allowed Bolf's counsel to instruct her not to answer the question because Bolf was asserting a statutory privilege. The proper method to challenge Bolf's assertion of statutory privilege would have been to seek an in-camera review of the allegedly privileged documents. Instead, Bitterman sought to compel an answer on the basis that counsel for Bolf improperly instructed Bolf not to answer. The trial court properly determined that Bolf's counsel was entitled to instruct her not to answer the question because Bolf was asserting a statutory privilege.

We conclude that the trial court's outcome did not fall outside the range of principled outcomes. We do not consider the trial court's alternative ground for denying Bitterman's motion—that allowing Bitterman access to the closed meeting minutes would violate a protective order in another case—because it is not necessary to our resolution of this issue.

## IV. PUBLIC OFFICIAL

Bitterman contends that the trial court improperly granted summary disposition under MCR 2.116(C)(10) because Bolf was a "public official" under the Act. We disagree.

The Act requires that "[e]ach public body shall keep minutes of each meeting showing the date, time, place, members present, members absent, any decisions made at a meeting open to the public, and the purpose for which a closed session is held." MCL 15.269(1). A public body is "any state or local legislative authority or governing body, including a . . . council . . . ." MCL 15.262. The Act provides a remedy against public bodies who do not comply with its provisions:

> If a public body is not complying with this act, and a person commences a civil action against the public body for injunctive relief to compel compliance or to enjoin further noncompliance with the act and succeeds in obtaining relief in the action, the person shall recover court costs and actual attorney fees for the action. [MCL 15.271(4).]

The Act also provides a remedy against public officials who intentionally violate the Act's provisions:

> A public official who intentionally violates this act shall be personally liable in a civil action for actual and exemplary damages of not more than $500.00 total, plus court costs and actual attorney fees to a person or group of persons bringing the action. [MCL 15.273(1).]

The Act does not define the term "public official." *Wilkins v Gagliardi*, 219 Mich App 260, 271; 556 NW2d 171 (1996). When an act does not define a term, this Court may consider a

dictionary definition to assist our interpretation. *People v Morey*, 461 Mich 325, 330; 603 NW2d 250 (1999). But this Court also must read statutes as a whole and may not read statutory provisions in isolation. *Robinson v City of Lansing*, 486 Mich 1, 15; 782 NW2d 171 (2010). We must read cohesive statutory provisions together. *McCahan v Brennan*, 492 Mich 730, 739; 822 NW2d 747 (2012).

We conclude that consulting a dictionary is not necessary to assist in determining the meaning of the phrase "public official" because we have already interpreted this phrase in a different section of the statute. In *People v Whitney*, this Court interpreted the language in MCL 15.272(1), which provides that "[a] public official who intentionally violates this act is guilty of a misdemeanor . . . ." *Whitney*, 228 Mich App at 253. In interpreting this provision, we determined that the prosecution must show that the defendant was a member of a public body. *Id*. at 253. We also recognized a possible distinction between public officials and nonpublic officials. See *Id*. at 253 n 14.

Though Bitterman contends that our interpretation in *Whitney* was dicta, we disagree. Dictum is a judicial comment that is not necessary to the decision in the case. *Carr v Lansing*, 259 Mich App 376, 383-384; 674 NW2d 168 (2003). In *Whitney*, the language of MCL 15.272(1) was at issue as an element of the crimes on appeal. This Court's resolution of what is required for a person to be a "public official who intentionally violates this act" was directly germane to the controversy in that case. We conclude *Whitney*'s interpretation is not dicta.

We also conclude that *Whitney*'s interpretation of this language is instructive in this case. Both statutory sections are part of the same Act, so we must construe these provisions together. The operative language of MCL 15.272(1) and MCL 15.273(1) are almost identical—both sections refer to "[a] public official who intentionally violates this act[.]" This Court in *Whitney* held that a person is not a public official unless they are a member of a public body. Construing these provisions together, we conclude that a person is only a public official for the purposes of MCL 15.273(1) if they are a member of a public body.

In this case, the public body in question is the village council. "The president and trustees constitute the council." MCL 62.1. There is no indication that a village clerk is part of the counsel. Further, it is clear from the meeting minutes that Bolf did not vote at the meeting. Because Bolf was not a member of the council, she was not a member of a public body and was not a public official under MCL 15.273(1). We conclude that the trial court properly granted summary disposition.

We affirm. As the prevailing party, Bolf may tax costs. MCR 7.219.

/s/ Peter D. O'Connell
/s/ Karen M. Fort Hood
/s/ Michael F. Gadola