# STATE OF MICHIGAN

# COURT OF APPEALS

SPINE SPECIALISTS OF MICHIGAN, P.C. and
AMERICAN ANESTHESIA ASSOCIATES
L.L.C.,

        Plaintiffs-Appellees,

v

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY,

        Defendant-Appellant.

FOR PUBLICATION
October 13, 2016
9:05 a.m.

No. 327997
Wayne Circuit Court
LC No. 14-011030-NF

Before: FORT HOOD, P.J., and GLEICHER and O'BRIEN, JJ.

GLEICHER, J.

Alonzo Garvin sustained injuries in a motor vehicle accident and received treatment from plaintiff Spine Specialists of Michigan, P.C. Spine Specialists brought this action against State Farm seeking payment for the care it provided to Garvin. Dr. Louis Radden, a neurosurgeon, solely owns Spine Specialists of Michigan, P.C. The issue presented is whether State Farm must pay Dr. Radden an expert witness fee to take his deposition.

Dr. Radden refused to be deposed unless State Farm paid him $5,000 for three hours of testimony. When State Farm objected, the circuit court lowered the fee to $1,000 for the first 90 minutes of testimony and $1,000 for each hour thereafter. We granted State Farm's application for leave to appeal the fee ruling, *Spine Specialists of Mich, PC v State Farm Mut Ins Co*, unpublished order of the Court of Appeals, November 25, 2015 (Docket No. 327997), and now reverse. Dr. Radden is an employee of the plaintiff and is not entitled to a fee for testifying on its behalf.

I

Dr. Radden treated Garvin with epidural and facet joint steroid injections. Spine Specialists' complaint avers that State Farm has unreasonably denied its claims for payment for these medical services. State Farm's answer asserts that some or all of Garvin's injuries may not have arisen from the motor vehicle accident and that Spine Specialists' services and charges may not have been reasonable or necessary.

-1-

Spine Specialists filed a "preliminary witness list" naming Dr. Radden as a witness. The list named another physician, Dr. Scott Primack, as a "[p]otential [e]xpert." Spine Specialists did not designate Dr. Radden as an expert witness. State Farm's witness list likewise identified Dr. Radden as an ordinary witness. Spine Specialists later filed an "amended . . . preliminary witness list" again naming Dr. Radden as a witness, but not an expert.

State Farm scheduled Dr. Radden's discovery deposition. Spine Specialists announced that Dr. Radden required a fee of $5,000 for three hours of testimony and preemptively filed a "motion to enforce Dr. Louis Radden's expert witness fee." The motion asserted that "Dr. Radden, in anticipation that he will be asked his medical opinion regarding the treatments rendered, requested an expert witness fee to compensate him for his testimony." The circuit court granted the motion, reasoning:

> [T]he doctor in these no-fault cases, will take the position eventually, why even treat a person who's involved in an accident if I'm going to tie up a full day every time I submit a Record for payment to a carrier. Eventually, Doctors may be reluctant to treat auto accident claimants for this very reason.

The court ordered that State Farm pay Dr. Radden $1,000 for the first 1½ hours of the deposition and $250 for each 15 minutes thereafter. State Farm's motion for reconsideration was denied.

II

We review de novo a circuit court's construction and application of the Michigan Court Rules. *Dextrom v Wexford Co*, 287 Mich App 406, 416; 789 NW2d 211 (2010). We employ statutory construction principles when interpreting court rules, applying the rule's plain and unambiguous language as written. *CAM Constr v Lake Edgewood Condo Ass'n*, 465 Mich 549, 554; 640 NW2d 256 (2002), quoting *Grievance Administrator v Underwood,* 462 Mich 188, 193-194; 612 NW2d 116 (2000).

III

Michigan's court rules permit broad discovery of unprivileged matters relevant to the subject matter of the pending case. *Reed Dairy Farm v Consumers Power Co*, 227 Mich App 614, 616; 576 NW2d 709 (1998). Because "the purpose of discovery is to simplify and clarify issues," the court rules "should be construed in an effort to facilitate trial preparation and to further the ends of justice." *Id*. Our Supreme Court has emphasized that the rules "should promote the discovery of the true facts and circumstances of a controversy, rather than aid in their concealment." *Domako v Rowe*, 438 Mich 347, 360; 475 NW2d 30 (1991) (quotation marks and citation omitted).

Witnesses testifying at a deposition usually do not receive payment for their testimony. The court rules carve out an exception applicable to "experts." MCR 2.302(B)(4) sets forth the rules governing the pretrial "[d]iscovery of facts known and opinions held by experts." The initial sentence of this subrule states: "Discovery of facts known and opinions held by experts,

otherwise discoverable under the provisions of subrule (B)(1) *and acquired or developed in anticipation of litigation or for trial*, may be obtained only as follows[.]"[1] (Emphasis added.) Subrule (B)(4)(a)(*i*) allows for the use of interrogatories. Subrule (a)(*ii*) addresses depositions:

> A party may take the deposition of a person whom the other party expects to call as an expert witness at trial. The party taking the deposition may notice that the deposition is to be taken for the purpose of discovery only and that it shall not be admissible at trial except for the purpose of impeachment, without the necessity of obtaining a protective order as set forth in MCR 2.302(C)(7).

MCR 2.302(B)(4)(b) concerns experts who are not expected to be called as witnesses at trial. The next subrule addresses expert witness fees:

> Unless manifest injustice would result
>
> (*i*) the court shall require that the party seeking discovery under subrules (B)(4)(a)(*ii*) or (*iii*) or (B)(4)(b) pay the expert a reasonable fee for time spent in a deposition, but not including preparation time. . . . [MCR 2.302(4)(c)(*i*).]

Dr. Radden "acquired facts" about Garvin during his treatment of the patient rather than in anticipation of litigation or for trial. Perhaps it was for this reason that Spine Specialists did not list Dr. Radden as an expert on either of its two witness lists. Spine Specialists asserts that State Farm should pay Dr. Radden for his deposition time because State Farm likely will pose questions to Dr. Radden seeking his expert opinion regarding whether Garvin's injuries arose from the accident and whether the treatment provided was reasonable and necessary. But because Dr. Radden is an employee of a party to this litigation, he is ineligible to charge a fee for his deposition.

The court rules do not define the word "expert." We look instead to the manner in which the word "expert" is generally used in the legal context presented. "The normal use of that term applies to a witness retained by a party in relation to litigation." *Ginnever v Scroggins*, 867 SW2d 597, 599 (Mo App, 1993). While a party (or an employee of a party, as here) with specialized knowledge may offer an expert opinion within his or her field, the court rules do not contemplate payment to a party offering an opinion on its own behalf. MCR 2.302(B)(4) applies to experts who are third parties to the litigation; such experts examine the facts from a distance, offer opinions, and have no financial stake in the outcome other than receiving a court-approved witness fee.[2] Dr. Radden owns Spine Specialists, will serve as its spokesperson at trial, and has a

---

[1] Subrule (B)(1) sets forth the general rule that "[p]arties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action, whether it relates to the claim or defense of the party seeking discovery or to the claim or defense of the another party. . . ."

[2] See MCL 600.2164(1) (providing that "[n]o expert witness shall be paid, or receive as compensation in any given case for his services as such, a sum in excess of the ordinary witness fees provided by law" unless permitted by the court).

vested interest in the outcome of this case. While "there is no agency relationship between a plaintiff and an expert," *Barnett v Hidalgo*, 478 Mich 151, 163 n 7; 732 NW2d 472 (2007), Dr. Radden is an agent of Spine Specialists.[3]

Historically, "[o]ne argument against discovery of expert information has been that it is unfair to let one party have for free what the other party has paid for." Wright, Miller, & Marcus, 8 Fed Prac & Proc, § 2034. Rules requiring the party seeking the discovery to share the burden of the expert's fees remedy that unfairness. *Id*. But when a party serves as his own expert witness, there has been no payment to any expert, and no unfairness to offset.

We note that nothing in the rules prohibits voluntary payment of expert witnesses. Nor does this case implicate MCL 600.2164(1), which "authorizes a trial court to award expert witness fees as an element of taxable costs." *Rickwalt v Richfield Lakes Corp*, 246 Mich App 450, 466; 633 NW2d 418 (2001). This cost-shifting provision allocates trial expenses, rewarding the prevailing party. The statute specifically exempts reimbursement for "witnesses testifying to the established facts" and applies "only to witnesses testifying to matters of opinion." MCL 600.2164(3). If Dr. Radden's testimony is confined to the facts surrounding his treatment of Garvin, Spine Specialists would not be entitled to recover an expert witness fee. And if Dr. Radden does provide expert testimony, Spine Specialists would not be entitled to recover any costs, as Spine Specialists has not paid Dr. Radden for his testimony.

Finally, even were we to conclude that Dr. Radden is eligible to receive a fee under MCR 2.302(B)(4), we would nevertheless hold that the circuit court erred by ordering State Farm to pay Dr. Radden for his testimony. MCR 2.302(B)(4)(c) permits a circuit court to order payment of an expert witness fee "[u]nless manifest injustice would result." A witness acting as a representative of a party and testifying on the party's behalf incurs no hourly costs that the deposing party equitably should bear. As the sole owner of Spine Specialists and the physician who treated Garvin on Spine Specialists' behalf, Dr. Radden was obligated to provide deposition testimony. Without knowledge of his testimony, State Farm could not effectively prepare its defense. Conditioning the acquisition of that knowledge on payment of a witness fee contravenes the concept animating Michigan's discovery rules—that information should be easily obtainable in a process that does not encumber the parties' abilities to use the tools provided by the rules. Requiring payment to a party for the right to take the party's deposition would unreasonably burden the process of trial preparation, constituting manifest injustice.

We reverse.

/s/ Elizabeth L. Gleicher
/s/ Karen M. Fort Hood
/s/ Colleen A. O'Brien

---

[3] We emphasize that our use of the term "expert" in this opinion is confined to the application of MCR 2.302(B)(4). Parties may certainly qualify as experts under MRE 702, and potentially under other rules or statutory provisions.